**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC. and MONJED ABED,

Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation issued by Magistrate Judge N. Reid Neureiter on December 20, 2024 (ECF No. 61), addressing Plaintiff's Motion to Strike Defendants' Affirmative Defenses, ECF No. 52. Magistrate Judge Neureiter recommends that the Motion be granted. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). The Court has reviewed the Recommendation to satisfy itself

that there is “no clear error on the face of the record.”[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court concludes that the Recommendation is a correct application of the facts and the law. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard.

Accordingly, it is **ORDERED** as follows:

1) The Recommendation of the United States Magistrate Judge (ECF No. 61) is **ACCEPTED and ADOPTED**; and
2) Plaintiff’s Motion to Strike Affirmative Defenses (ECF No. 52) is **GRANTED** for the reasons set forth in the Recommendation.

DATED: January 6, 2025

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
United States District Judge

[1] This standard of review is something less than a “clearly erroneous or contrary to law” standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed R. Civ. P. 72(b).