IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01513-RMR-NRN
*Consolidated with* Civil Action No. 1:23-cv-01522-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC, and
MONJED ABED,

Defendants.

---

JOINT RESPONSE TO ORDER TO SHOW CAUSE [DE 60]

---

The Plaintiff, GS HOLISTIC, LLC, and the Defendants, VAPORTOKE INC and MONJED ABED (collectively the "Parties"), by and through their undersigned counsels, hereby file their Response to this Court's Order to Show Cause dated December 20, 2024, and in support thereof state as follows:

Neither party objects to the consolidation of Civil Case No. 23-cv-01513-RMR-NRN; *GS Holistic, LLC v. Vaportoke Inc. et al*; Civil Case No. 23-cv-01709-RMR-NRN, *GS Holistic, LLC v. Things That Bubble LLC et al*; and Civil Case No. 23-cv-01772-RMR-NRN, *GS Holistic, LLC v. Daddy Dankz Inc. et al*, for trial. The Parties believe that consolidating these cases would be in their best interest in terms of time, costs, and this Court's judicial economy.

In this instance, all three cases, are pending in the District of Colorado, involve the same the Plaintiff, GS HOLISTIC, LLC, and the same core issue: the sale of counterfeit

gravity waterpipes bearing the Plaintiff's registered Stündenglass trademarks. Although the Defendants in each case are different, the legal and factual questions are substantially similar across all three cases. This commonality supports consolidation under F.R.Civ.P. 42(a).

Furthermore, consolidation would serve the interests of judicial economy and efficiency. By consolidating these cases, the Court can avoid duplicative proceedings, reduce the burden on witnesses who may need to testify in multiple trials, and streamline the presentation of evidence. This approach will also minimize the costs and time associated with conducting separate trials for each Defendant, thereby benefiting all Parties involved.

Under F.R.Civ.P. 42(a), consolidation is appropriate when actions involving a common question of law or fact are pending before the court. The rule provides that the court may order a joint hearing or trial of any or all the matters in issue in the actions, may order all the actions consolidated, and may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. The decision to consolidate is within the sound discretion of the trial judge, and such discretion will not be disturbed absent a clear showing of abuse. Given the significant overlap in legal and factual issues, and the potential for substantial savings in time and costs, the Parties respectfully submit that consolidation is the most efficient and effective course of action.

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, and the Defendants, VAPORTOKE INC and MONJED ABED, respectfully state that they have no objection that this Court consolidate all three cases for trial, and request such further and other relief as this Honorable Court may deem just and proper.



THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441
TELEPHONE: (954) 570-6757

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ David L. Perry II*
**Ken Falkenstein, Esquire**
Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
kfalkenstein@coloradolawyers.com
Serv607@LegalBrains.com
**Peter Ticktin, Esquire**
Florida Bar No. 887935
**David L. Perry II, Esquire**
Florida Bar No. 1045902
**THE TICKTIN LAW GROUP**
270 SW Natura Ave
Deerfield Beach, FL 33441
Telephone: 561-232-2222
Serv512@LegalBrains.com
Serv514@LegalBrains.com
*Attorneys for the Plaintiff*

*/s/ Sarah M. Stemer*
**Sarah M. Stemer, Esq**
Colorado Bar No. 56051
STEMER, PA.
PO Box 120001
Denver CO 80212
Telephone: (303) 928-1094
Sarah@stemerlaw.com
*Attorney for the Defendants*