**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

GS HOLISTIC, LLC

CASE NO. 1:23-cv-01513-RMR-NRN

Plaintiff,

vs.

VAPORTOKE INC at al.,

Defendants.
_______________________________________/

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION**

**PRELIMINARY STATEMENT**

After a December 2, 2025 hearing on Plaintiff's lack of prosecution related to Plaintiff's failure to meet certain pretrial obligations, this Court set a deadline of December 15, 2025 for the parties to submit joint witness and exhibit lists, verdict forms, jury instructions, deposition designations and other miscellaneous pretrial documents. The Court made clear that these documents were to be drafted by Plaintiff GS Holistic, LLC and shared with Defendants Vaportoke Inc., Monjed Abed, Things That Bubble LLC, Lance Paul, Daddy Dankz, Inc., and Daniel S Trujillo (together, "Defendants") and that they require meaningful conferral before submission.

In the nearly two weeks between the hearing and the deadline, Plaintiff made no attempt to call, e-mail, confer, or share documents with Defendants prior to midday on Friday December 12, 2025, one business day before the deadline. In their Friday email to Defendants, Plaintiffs still failed to provide drafts of all the necessary pre-trial documents, notably having omitted any proposed jury instructions or deposition designations. Plaintiff did not send Defendants their complete proposed pretrial documents until 7:23 p.m. on the Saturday evening prior to the deadline.

Plaintiff has – yet again – frustrated Defendants' ability to have any meaningful opportunity to engage in the conferral process contemplated by the Court. The documents that Plaintiff expects Defendants to review within hours, are the very backbone of the trial against them. This severely limits Defendants' ability to litigate this case properly.

This is not the first failure by Plaintiff to properly prosecute their case and meaningfully comply with the Court's schedules and orders. Over the pendency of this action, Plaintiff has been repeatedly admonished and warned about their prosecutorial deficiencies. They have

benefitted from second chances and managed to keep this case alive by relying on Defendants to track and manage deadlines and submissions. At the December 2 hearing, the Court explicitly warned Plaintiff that any future failure would result in dismissal of the Action.

Additionally, this motion reflects a recurring pattern in this case where, when Defendants have raised Plaintiff's noncompliance with Court-ordered obligations, Plaintiff has responded not by curing the identified deficiencies, but by lodging personal attacks against counsel for Defendants. These emails, rife with personal attacks and invective, are untethered to the Court's order or any procedural requirements in this case. As is evidenced by the attached affidavit and the exhibits thereto, these emails are a severe departure from professional norms. Threats intended to coerce opposing counsel to compensate for Plaintiff's last-minute and chaotic failed attempt to meaningfully comply with a court's order is not good faith conferral. It is extremely frustrating that Defendants have now been forced to bring this to the Court's attention.

Due to the foregoing, and the detailed procedural history outlined below, Defendants respectfully submit that this case should be dismissed with prejudice.

## PROCEDURAL BACKGROUND

This case has been plagued by Plaintiff's repeated failures to prosecute from the beginning. On August 22, 2023, marking the very first judicial action in this case, the Court issued an Order to Show Cause requiring Plaintiff to attend a hearing and explain why almost 50 nearly identical complaints were filed in quick succession in the District of Colorado, in addition to the over 700 filed nationwide. *See ECF No. 11*. At that hearing, Plaintiff explained their deficiencies were due to staffing issues and they would course correct. The Court gave Plaintiff a second chance, granting them leave to amend their complaint and to file a scheduling order by a

date certain. Plaintiff amended their complaint and filed the scheduling orders in time for the deadline, but weeks later on January 5, Plaintiff filed a notice stating that they filed the wrong scheduling orders. In that notice, they cited staffing issues once again. *See ECF No. 41*.

In response to being notified of Plaintiff's incorrectly filed scheduling orders, on January 12, 2024, the Court issued an order staying all cases pending in the district of Colorado, other than the instant case (the "January 12 Order"). *See ECF No. 39*. In the January 12 Order, the Court cited its doubt of Plaintiff's ability to manage their dozens of cases in this District and allowed Plaintiff the chance to proceed one-by-one. The Court also allowed Plaintiff to submit a revised scheduling order by January 19, 2024. While the January 12 Order provided another chance for Plaintiff to course correct, it did include a stark warning that stated bluntly that "Plaintiff GS Holistic and its counsel are hereby placed on notice that any future failures to follow the local or federal rules, or orders of the Court, may result in dismissal of the case, or potentially, all cases."

In response to the January 12 Order, Plaintiff took no action to meet their obligation to submit scheduling orders in time for the January 19 deadline. In fact, it was Defendants who coordinated, followed up, drafted and even filed the Scheduling Orders. *See ECF No. 40*. Despite Defendants repeatedly sending reminders to Plaintiff, and their willingness to file the scheduling orders, they were filed weeks after the deadline.[1]

On November 19, 2025, another Order to Show Cause was issued. This time, the Order addressed Plaintiff's failure to coordinate with Defendants and timely submit a Proposed Pretrial Order. *See ECF No. 72*. After both Defendants and Plaintiff filed responses, the Court converted the Trial Preparation Conference set for December 2, 2025 into a hearing on the Order to Show

[1] Plaintiff explained their deficiencies to Defendants as being due to staffing shortages yet again.

Cause relating to Plaintiff's continued lack of prosecution (the "December 2 Hearing"). *See ECF Nos. 73, 74 and 75*.

At the December 2 Hearing, the Court heard from both parties and made clear that, due to Plaintiff's repeated pattern of relying on Defendants to manage and advance litigation, it had sufficient grounds to dismiss this case but gave Plaintiff one last chance. The Court ordered that the trial currently set for January 26th remain as scheduled, but in order to facilitate this, the Court set specific deadlines and requirements for submission of critical pre-trial documents. Among those requirements was the December 15, 2025 deadline for the parties to confer regarding, and jointly file, witness and exhibit lists, proposed jury instructions and verdict forms, additional *voir dire* questions, and deposition designations. The Court further warned Plaintiff that any future failures to comply with deadlines or prosecutorial obligations would result in dismissal. The Court also ordered Plaintiff to pay monetary sanctions to the clerk in the amount of $5,000 and granted *ore tenus* Defendants' motion for fees for all work done in conjunction with the hearing.

Despite that clear directive, Plaintiff waited until midday on December 12, 2025, one half business day prior to the deadline, and ten days after the December 2 hearing, to communicate with Plaintiff in any form regarding the pre-trial documents and then only sent Defendants some, but not all, of their proposed joint submissions (the "December 12 Email"). Notably, they failed to send the most substantive document, the proposed jury instructions.[2] In the December 12 Email, Plaintiff offered conferral times that included times over the weekend, and the day of the deadline, a day that Defense counsel has a prior disclosed medical procedure. Because meaningful conferral presupposes the availability of the materials on which conferral is required,

[2] Plaintiffs sent an updated witness list on Saturday evening, so effectively it was not received until then either.

this attempt was meaningless. Plaintiff cannot reasonably withhold core submissions, particularly proposed jury instructions, and expect Defendants to confer on those very submissions.

Having not received the proposed jury instructions by the afternoon on Friday December 12, Defendants filed a letter to the Court, outlining Plaintiff's failure to meaningfully comply with this Court's December 2 order. *See ECF No. 81*.

Rather than focusing on compliance with the Court's directives, Plaintiff engaged in a series escalating *ad hominem* attacks directed at counsel for the Defendant. In a series of emails, Plaintiff made unfounded accusations regarding counsel's professionalism and good faith, mischaracterized Defendants' pre-trial obligations and misstated the procedural posture of this case. *See Declaration of Sarah Stemer, Esq. Exhibit A*.

By Saturday evening, Plaintiff finally provided its proposed jury instructions and deposition designations. Counsel for Defendants were out of the office and not working over the weekend, respectively preparing for the upcoming medical procedure and celebrating the upcoming Jewish holiday with their families. This left Defendants with only today, Monday, December 15 – the day of the deadline - to review the proposed submissions, make their edits and meaningfully confer with Plaintiff after Counsel for Defendants stated on the record that her availability was questionable during this week due to pre-scheduled medical treatment. Plaintiff continues to expect Defendants to manage their case for them. They also apparently expect to be able to create last-minute chaos by delaying their obligations, and have Defendants accommodate and compensate for their failures.

Indeed, among other things, Plaintiff has now for the first time identified fact witnesses in its draft disclosures the weekend before the deadline, having utterly failed identify these witnesses in its Rule 26 Initial Disclosures or provide any update to those disclosures as required

by the Federal Rules of Civil Procedure. Plaintiff has also included expert witnesses in these disclosures despite stating to the Court at the December 2 hearing that Plaintiff would not be calling any experts at trial. This is precisely why such draft documents needed to have been provided to Defendants well in advance of the deadline, rather than the Saturday night prior. Yet again, Plaintiff had ample time to do so but again waited until the absolute last minute.

This is precisely the conduct by Plaintiff addressed in the December 2 Hearing. Last-minute demands for conferral, made after Plaintiff's own delayed production and accompanied by unprofessional accusatory invective, do not constitute a good-faith effort to comply with the Court's directives. This conduct only underscores Plaintiff's continued inability to prosecute this matter in an orderly and good-faith manner consistent with the Federal Rules and this Court's repeated orders.

## STANDARD OF REVIEW

The foundation of a lack of prosecution is 41.1 of the Local Rules of the District of Colorado and 41.1(b) of the Federal Rules, which include inherent power for the Court to dismiss an action. "[A] district court may dismiss an action *sua sponte* '[i]f the plaintiff fails to prosecute or to comply with these [procedural] rules or a court order.' " *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (quoting Fed. R. Civ. P. 41(b) and citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Dismissals under Rule 41(b) can be made with or without prejudice. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007)).

For dismissal as a sanction for a Plaintiff's lack of prosecution, courts in the 10th Circuit consider five factors … (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether

the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d at 921 (10th Cir. 1992).

Dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998). "Under what circumstances such a dismissal would be justified… must depend on the procedural history of the particular cases involved." *Rogers v. Andrus Transp. Servs.,* 502 F.3d 1147 (10th Cir. 2007).

## ARGUMENT

### I. Defendants Experienced Actual Prejudice As A Direct Result of Plaintiff's Lack of Prosecution

Plaintiff's prolonged failure to prosecute this action has caused substantial and ongoing prejudice to Defendants. This case has been pending since mid 2023, during which Defendants, small business owners with limited resources, have been required to operate under the unresolved cloud of serious federal allegations. The uncertainty surrounding the duration and outcome of this litigation has impaired Defendants' ability to make ordinary business decisions, maintain vendor and customer relationships, and move forward with their personal and professional lives.

Most significantly, Defendants have been forced to remain in a perpetual litigation posture through no fault of their own, dependent on a Plaintiff that has repeatedly demonstrated an inability or unwillingness to prosecute its own claims. More recently, Plaintiff's failure to draft and send proposed pre-trial documents have made it impossible for Defendants to properly review, respond to and confer regarding the pre-trial documents which will be the backbone of

the trial against them and their livelihood. Among other things, Plaintiff improperly identified new witnesses for the first time and included expert witnesses contrary to its statements to the Court, leaving Defendants with no time to properly address such improper conduct.

## I. **Plaintiff's Habitual Lack of Prosecution Has Greatly Interfered with the Judicial Process**

Plaintiff's conduct has also significantly interfered with the judicial process. Trial has been set since February, and the Court reserved a full week for trial well in advance. Over the lifespan of this case, as discussed above, the Court has repeatedly been required to expend judicial resources addressing missed deadlines, incomplete filings, and Plaintiff's failure to comply with basic litigation obligations. Rather than progressing in an orderly fashion, this case has required continual Court intervention to correct or compensate for Plaintiff's inaction.

Most recently, despite the Court's express order requiring the parties to confer and file pretrial materials by December 15, Plaintiff failed to provide complete materials in a timely manner. Plaintiff did not initiate any conferral until midday on the Friday preceding the Monday deadline and then provided only partial submissions, omitting required jury instructions and deposition designations altogether, requiring Court intervention yet again.

## II. **Plaintiff is The Litigant Who is Meaningfully and Substantially Culpable**

The record demonstrates that Plaintiff, not Defendants, are culpable for the repeated failures to advance this case. This is Plaintiff's case. Plaintiff has had ample notice of deadlines, clear instructions from the Court, and multiple opportunities to correct course. Nevertheless, Plaintiff has consistently failed to timely prepare filings, coordinate with opposing counsel, or comply with Court orders without prompting or intervention. These failures are attributable to Plaintiff and its counsel, not to external circumstances or unavoidable events. Absent

Defendants' efforts to avoid violating Court orders directed to "the parties," this case would not have progressed at all. When Defendants ceased compensating for Plaintiff's failures, Plaintiff again misses deadlines or Fails to meaningfully comply with court directives and orders. When Defendants advocate for their rights within the litigation, Plaintiff launches personal attacks against, and projects blame onto, Defense counsel.

**III. <u>Plaintiff Has Been Warned Multiple Times of Possible Dismissal</u>**

The Court has repeatedly warned Plaintiff that dismissal would be a likely sanction for continued noncompliance. First, in the January 12, 2024, Order, the Court plainly stated:

> Plaintiff GS Holistic and its counsel are hereby placed on notice that any future failures to follow the local or federal rules, or orders of the Court, may result in dismissal of the case, or potentially, all cases."

More recently, at the December 2 Hearing, the Court stated that sufficient grounds were found to dismiss this action under the *Ehrenhaus* factors. The Court extended one final opportunity to Plaintiff, warning that if they even minimally continue their conduct, the Court will dismiss this action.

Despite these clear and unequivocal warnings, Plaintiff's conduct has not improved. The most recent failures occurred after the Court reiterated its concerns and placed Plaintiff on explicit notice that dismissal was a real and imminent possibility.

**IV. <u>Lesser Sanctions Would Not Be Effective</u>**

Lesser sanctions have proven ineffective. Plaintiff has been afforded repeated extensions, warnings, and opportunities to comply. More recently, monetary sanctions have been imposed. None have resulted in sustained compliance or meaningful prosecution of the case. Additionally, Plaintiff's series of unnecessary emails confirm that its focus remains on posturing and personal accusations rather than on curing the deficiencies identified by the Court. That posture is

precisely what necessitated the prior sanctions and now warrants dismissal.

Under these circumstances, dismissal is the only sanction likely to bring finality and protect both Defendants and the Court from further prejudice and wasted resources.

**CONCLUSION**

Plaintiff has not meaningfully complied with this Court's order. It is unreasonable for Plaintiff to expect Defendants to substantively review and meaningfully confer regarding trial-critical documents under these circumstances. Plaintiff's eleventh-hour actions foreclosed the possibility for Defendants to properly and effectively litigate.

This is precisely the conduct the Court warned against at the hearing on Plaintiff's lack of prosecution. Plaintiff's last-minute, incomplete, and disorganized submission of pretrial materials, with an expectation that Defendant compensate for their chaos does not constitute appropriate prosecution of a case or respect of this Court's directives or time.

The record reflects that this is more than an isolated delay. Rather, it is habitual and systemic. Plaintiff has been repeatedly afforded opportunities to prosecute this case in an orderly manner, has been expressly warned of the consequences of noncompliance, and has already been sanctioned. Yet when deficiencies are identified, Plaintiff does not cure them. Instead, Plaintiff redirects the dispute toward opposing counsel and continues the same conduct that prompted Court intervention in the first place.

Under these circumstances, further extensions or lesser measures would only perpetuate the pattern already before the Court. Plaintiff's conduct taken together, failure to meaningfully comply with the Court's order, in addition to the procedure history, the *Ehrenhaus* factors weigh decisively in favor of dismissal. Plaintiff's persistent failure to prosecute, interference with the

judicial process, disregard of Court warnings, and the ineffectiveness of lesser sanctions warrant dismissal under Rule 41(b). Dismissal with prejudice is therefore appropriate and necessary to protect the integrity of the judicial process and prevent continued prejudice to Defendants.

WHEREFORE, Defendants respectfully request that this Court dismiss this action with prejudice for failure to prosecute and grant such other and further relief as the Court deems just and proper, including awarding attorney's fees and costs to Defendants.

Dated: December 15, 2025

Respectfully submitted,

By: /s/ Sarah Stemer
Sarah Stemer Esq.
Sarah@StemerLaw.com
Stemer, PA
3700 Tennyson Street, Unit 1
Denver, Colorado 80212
Telephone: (303) 928-1094

By: /s/ Andrew Gerber
Andrew Gerber Esq.
Andrew@GerberLaw.com
Gerber Law PLLC
27 Union Square West
New York, NY 10003
Telephone: (212) 658-1810

**Attorneys for the Defendants**

## CERTIFICATE OF SERVICE

I certify that on December 15, 2025, this document was served by the Court's ECF filing system on all counsel of record.

By: /s/ Sarah Stemer
Sarah Stemer, Esq.

**CERTIFICATE OF CONFERRAL**

I certify that on December 15, 2025, Counsel for the parties held a telephonic meet and confer to discuss the instant motion and were unable to resolve the issues raised herein.

By: */s/ Sarah Stemer*
Sarah Stemer, Esq.