IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01513-RMR-NRN
*Consolidated with* Civil Action No. 1:23-cv-01522-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC, and
MONJED ABED,

Defendants.

---

PLAINTIFF'S MOTION TO STRIKE DEFENSES AND FOR MONETARY SANCTIONS

---

Plaintiff GS HOLISTIC, LLC, by its undersigned counsel,[1] hereby move to strike Defendants' defenses in this case and for monetary sanctions, and in support thereof state as follows:

## Certificate of Conferral

The undersigned Plaintiff's counsel hereby certifies that he conferred with defense counsel about this Motion and that Defendants oppose this Motion.

## Introduction

In the Court's [76] Order following the hearing on December 2, 2025, the Court ordered that materials for the trial preparation conference be filed on or before December 15, 2025, which is today. Since the December 2 hearing, ***defense counsel never even***

[1] Peter Ticktin, Esq. and David L. Perry, Esq. of the Ticktin Law Group remain counsel of record for Plaintiff but are not included as filing counsel for this Motion because Plaintiff no longer authorizes them to represent them in this action. These two attorneys have filed a [77] Motion to Withdraw, which remains pending with the Court.

***began preparing any pre-trial documents or submissions of any kind*** and have steadfastly refused to confer with Plaintiff's counsel regarding the preparation of any pre-trial documents. As discussed in detail below, evidence demonstrates that despite having had ample opportunity to prepare their pre-trial pleadings and confer with Plaintiff's counsel - and despite having been offered *another* potential opportunity *still* to do so - ***defense counsel never intended to prepare any pre-trial pleadings at all.*** Their ***one and only*** strategy since the December 2 hearing has been to exploit the Court's expressed frustrations with Plaintiff to lie in wait, try play on the Court's sympathies with a contrived and false claim of victimhood, and pounce with a motion to dismiss.

Defense counsel's actions constitute bad faith and are a deliberate violation of this Court's [76] Order, that prejudices Plaintiff's ability to try his case. Accordingly, this Court should sanction Defendants by striking their defenses, entering judgment against them on liability, and ordering them to pay Plaintiff's attorneys' fees related to the preparation of the pre-trial documents and this motion.

## <u>Relevant Facts</u>

At the December 2 hearing, in response to the Court setting the December 15 deadline for pre-trial documents, defense counsel Sarah Stemer stated that this was too short of a deadline to accommodate her personal needs and asked if the deadline could be pushed into January. The Court stated that with a January 26, 2026, trial date, the Court could not accommodate a January deadline for these documents but could set the deadline one week later on December 22, 2025. Ms. Stemer declined that offer by the Court. Co-defense counsel Andrew Gerber was also in attendance at that hearing and also did not intervene to accept the Court's offer of the December 22 deadline for the filing

of the pre-trial documents.

At the time of the December 2 hearing, Plaintiff GS Holistic was in the process of deciding whether to continue retaining The Ticktin Law Group as its lead counsel, as undersigned counsel Ken Falkenstein informed the Court at the hearing. On December 4, 2025, Peter Ticktin and David L. Perry of The Ticktin Law Group filed a Motion to Withdraw as GS Holistic's counsel in this matter, and last Monday, December 8, 2025, Ken Falkenstein was officially retained as lead counsel.

Prior to taking over as lead counsel, Mr. Falkenstein's contractual role for Plaintiff was mostly ministerial, filing documents, scheduling, etc. Upon being retained as lead counsel a week ago, Mr. Falkenstein discovered that the pre-trial documents that had been prepared by the Ticktin firm were entirely out of compliance with this Court's Standing Order and had to be entirely redrafted. This most notably included *all* of Plaintiff's proposed jury instructions, which the Ticktin firm had drafted based on the Seventh Circuit's Pattern Jury Instructions and Seventh Circuit legal authorities.[2] Mr. Falkenstein had to redraft the jury instructions *in their entirety* using the Federal Jury Practice and Instructions – Civil as set forth in the Court's Standing Order and had to do extensive legal research to determine Tenth Circuit law on many instructions, including drafting several custom instructions on issues not addressed in the Federal Jury Practice and Instructions – Civil.

In addition to having to redraft all of the pre-trial documents in this matter, Mr. Falkenstein had to work on other matters with impending deadlines last week.[3]

[2] Most of the other documents also were not in compliance with the forms required by the Standing Order and/or were incomplete.

[3] In one such matter pending before the same judge as in the case at bar, *Williams v. State Farm*, Case No. 1:24-cv-13-RMR-NRN, Mr. Falkenstein filed a motion for an extension of the deadline to respond to a

Accordingly, Mr. Falkenstein worked very late nights every day last week and 12 hours on Saturday to handle all of those matters and get all of the pre-trial documents, including the jury instructions, in this matter completed.

Mr. Falkenstein sent the documents that were completed to defense counsel as soon as they were ready, starting last Friday and into Saturday and also provided defense counsel maximum availability to confer. A copy of all of these pre-trial documents is attached. *Ms. Stemer's immediate response was that she had not even begun preparing Defendants' pre-trial submissions and a flat refusal to confer or cooperate at all on preparing the pre-trial documents.* Her email response is attached.

Ms. Stemer's excuse was that she had to wait until receiving all of the documents from Plaintiff before she could even begin working on Defendants' pre-trial documents and submissions. Furthermore, she filed an improper unilateral letter to the Court last Friday - without first conferring with defense counsel - that required Plaintiff's counsel to stop work on the pre-trial documents in order to prepare a response, which further delayed Plaintiff's ability to finish preparing and producing those documents to defense counsel.

As of today, Monday, December 15, defense counsel still has not sent any pre-trial documents to Plaintiff's counsel, ***and they have made it clear that they have no intention of complying with the Court's [76] Order to work with Plaintiff to complete and file the pre-trial documents by today***. Rather, defense counsel Andrew Gerber sent an email to Plaintiff's counsel this morning asking to confer on a motion to dismiss. Plaintiff's counsel replied that Mr. Gerber should be prepared to confer on the present motion as well - but also proposed that the parties forego those motions and instead file

motion for summary judgment, which the Court granted. However, other matters with impending deadlines remained along with this matter.

a joint motion for a one-week extension to file the pre-trial documents as previously offered by the Court at the December 2 hearing. ***In the conferral, Mr. Gerber flatly rejected the proposed joint motion for a one-week extension of the deadline.*** Instead, he issued an ultimatum that Plaintiff either voluntarily dismissal its case and pay Defendants' fees and costs or they would file their motion to dismiss. Plaintiff rejected the ultimatum. ***One minute after the telephone conferral, at 9:09 a.m.***, Mr. Gerber filed Defendant's Motion to Dismiss and 13-page brief in support.

## Argument

Defendants' failure and ongoing refusal to prepare pre-trial documents in the two weeks since the December 2 hearing is a blatant and *intentional* violation of this Court's [76] Order and irreparably prejudices Plaintiff by making it impossible for this case to proceed to trial as scheduled. Accordingly, the Court should impose sanction Defendants by striking their defenses, entering judgment against them as to liability, and limiting the scope of the trial to Plaintiff's statutory damages. The Court should also order Defendants to pay Plaintiff its attorneys fees for the time spent in preparing the pre-trial documents, attempting to confer with defense counsel, and preparing and litigating this motion.

In the alternative, if the Court does not believe the aforesaid sanctions are appropriate, Plaintiff asks the Court to extend the deadline for submission of pre-trial documents to December 22 and to order Defendants to prepare their pre-trial documents and work in good faith with Plaintiff to complete them to be filed by that date.

While it is true that due to extenuating circumstances Plaintiff was unable to provide all of its pre-trial documents to defense counsel until last Friday and Saturday, ***there was nothing stopping defense counsel from working on their own pre-trial***

***documents and submissions over the last two weeks to be ready to confer at the end of last week, over the weekend, and today to get them done***. Both parties preparing their documents separately at the same time and then working together on them is how pre-trial documents have been prepared in every other case in the experience of both Plaintiff's counsel throughout their entire careers.

Defense counsel in the present case argue that it was necessary to receive Plaintiff's documents before they could ***begin*** to prepare theirs, but they provide no basis for that argument because there *is* no basis for that argument. They articulate no reason that they could not have been working on their own pre-trial documents independently because there is no reason that they could not have been doing so. They know the issues and evidence in this case every bit as well as Plaintiff does. Indeed, Plaintiff's counsel Ken Falkenstein worked primarily as a defense attorney for many of his 25 year of legal practice and ***never*** waited to receive Plaintiff's pre-trial documents before working on his own documents. In fact, he often sent his own to Plaintiff's counsel before they sent theirs to him. Furthermore, both plaintiff's counsel in this case have never in their careers experienced *any* other instance in any other case in their respective careers of defense counsel claiming that they had to wait to receive pre-trial documents from them before defense counsel could ***begin*** working on their own.

There is ***no*** excuse for defense counsel not to have been working on their own pre-trial submissions over the past two weeks. Although Ms. Stemer has been dealing with some medical issues, she ***expressly*** represented to the Court at the December 2 hearing that she would be able to meet the December 15 deadline. However, ***when Plaintiff's counsel contacted her last Friday, she had not even begun to work on***

***Defendant's pre-trial submissions***. This failure to prosecute the defense is even more alarming given that ***Ms. Stemer now has a co-counsel in the case who also did not lift a finger since the December 2 hearing to prepare these submissions***.

What defense counsel ***did*** do with their time, however, was first prepare an improper 3-page letter to the Court on Friday (necessitating Plaintiff's counsel taking time away from preparing pre-trial documents to prepare a response) and then prepare a 13-page brief to accompany a Motion to Dismiss ***that was ready to be filed at 9:09 a.m. today***. So, instead of doing ***any*** work whatsoever on their pre-trial submissions over the past two weeks, the ***only*** things defense counsel worked on was an improper letter to the Court and a motion to dismiss.

The fact that Ms. Stemer announced to the Court that she would accept the December 15 deadline despite her having announced that she would have difficulty meeting the December 15 deadline, and the fact that her co-counsel was able to draft and file a 13-page brief in support of a motion to dismiss by the morning of that deadline, demonstrate that the reason they ***deliberately*** failed to prepare or produce any pre-trial documents to defense counsel and to confer on pre-trial documents was that they had ***already*** decided on a deliberate strategy of exploiting the Court's expressed frustrations with Plaintiff by lying in wait to claim victim status and then pouncing with a motion to dismiss ***in lieu of*** working in good faith on the pre-trial documents with defense counsel.

Further demonstrating that defense counsel had no intention of preparing pre-trial documents and instead adopted a strategy of contriving an opportunity to pounce with a motion to dismiss is that Plaintiff's counsel sent defense counsel a draft Pre-Trial Order ("PTO") on November 14, 2025. As of today, ***over one month later***, defense counsel ***still***

has not respond to ***numerous*** communications by Plaintiff's counsel attempting to confer on the PTO.[4] They obviously never intended to confer because their strategy was to contrive a basis for a motion to dismiss by not preparing pre-trial pleadings and then playing the part of the victim.

These are the facts in summary:

1. Immediately upon being appointed as lead counsel, taking the Court's admonitions at the December 2 hearing very seriously, Plaintiff's new lead counsel Ken Falkenstein worked late nights every night last week and 12 hours on Saturday to get the pre-trial documents completed and sent them to defense counsel as soon as they were completed.

2. Plaintiff's counsel offered maximum availability to confer with defense counsel.

3. Defense counsel never sent Plaintiff's counsel *any* pre-trial documents or submissions.

***4. In the two weeks since the December 2 hearing, defense counsel never even began to prepare any pre-trial documents or submissions.***

5. Defense counsel Sarah Stemer rejected an invitation by the Court at the December 2 hearing to extend the deadline for the pre-trial documents to December 22 despite knowing that she had personal circumstances that would make it difficult or impossible for her to meet the December 15 deadline. Instead, she gave the Court her personal assurance that she could meet that deadline ***and then proceeded to not lift a finger to even begin preparing those documents since that hearing***.

[4] The deadline in the Court's [76] Order to submit the proposed PTO is next Monday, December 22, 2025.

***6. Ms. Stemer also had a new co-counsel who was present at the December 2 hearing who also did not accept the Court's offer of a December 22 deadline and who could have been working on the defense's pre-trial documents and submissions since the hearing but who also failed to lift a finger to do so.***

7. Defense counsel flatly refused to confer with Plaintiff's counsel on any pre-trial documents.

8. In the time that Defense counsel could and should have been working on their pre-trial documents and submissions, they instead prepared and filed an improper three-page letter to the Court (that required Plaintiff's counsel to take time away from preparing pre-trial documents to prepare a response) and a 13-page brief in support of a motion to dismiss ***that was ready to be filed first thing this morning***. That brief referenced events that occurred over the weekend, meaning that defense counsel had to have been working on the brief over the weekend even as they claimed to Plaintiff's counsel not to be available to work on pre-trial documents or to confer over the weekend.

9. Literally one minute prior to defense counsel filing the motion to dismiss and supporting brief, during conferral on that motion and the present motion, the undersigned counsel proposed to file a joint motion to extend the deadline to file the pre-trial documents to December 22, 2025. Given that the Court had offered this date at the December 2 hearing, it seemed that there was a reasonable chance that the Court would grant such a joint motion, and one week would be plenty of time for defense counsel to prepare its pre-trial documents and work with Plaintiff's counsel to get everything in order to be filed by that date. It also would have given Defendants an opportunity to avoid the filing of this Motion for Sanctions. ***Defense counsel flatly rejected that proposal***

***without any discussion.***

10. Defense counsel also have entirely ignored the draft Pre-Trial Order that Plaintiff's counsel sent them ***over a month ago*** and the numerous attempts to confer with them about it.

These facts, ***and especially the fact that defense counsel flatly refused to join in a motion for a one-week extension of the deadline to a date previously offered by the Court in order to give the parties an opportunity to get the pre-trial submissions completed and filed***, demonstrate that Defendants have engaged in a bad faith opportunistic strategy to take advantage of the Court's expressed feelings toward Plaintiff in lieu of prosecuting their own defense in good faith. ***Defense counsel's actions demonstrate that they never had any intention of preparing pre-trial documents*** and that their strategy ever since the December 2 hearing was to exploit the Court's comments regarding Plaintiff at the hearing to seek a dismissal.

As stated above, Defendants' failure and ongoing refusal to prepare pre-trial documents and confer in good faith with Plaintiff's counsel is a blatant and intentional violation of this Court's [76] Order and irreparably prejudices Plaintiff by making it impossible for this case to proceed to trial as scheduled. The Court has made it clear that continuing the trial date is not practical. Accordingly, the Court should impose the sanction on Defendants of striking their defenses, entering judgment against Defendants as to liability, and limiting the scope of the trial to Plaintiff's statutory damages. The Court should also order Defendants to pay Plaintiff its attorneys fees for the time spent in preparing the pre-trial documents, attempting to confer with defense counsel, and preparing and litigating this motion.

In the alternative, if the Court does not believe the aforesaid sanctions are appropriate, Plaintiff asks the Court to extend the deadline for submission of pre-trial documents to December 22 and to order Defendants to prepare their pre-trial documents and work in good faith with Plaintiff to complete them to be filed by that date.

Wherefore, the foregoing considered, Plaintiff GS Holistic, LLC respectfully requests that this Honorable Court take find that the failure and refusal of Defendants to prepare their pre-trial documents was a violation of the Courts [76] Order and sanction Defendants by striking their defenses and entering judgment against them on liability or, in the alternative, extend the deadline for the filing of pre-trial documents to December 22, 2025, and order Defendants to prepare their pre-trial documents and work in good faith with Plaintiff to complete them to be filed by that date.

Date: December 15, 2025

Respectfully submitted,

**Ken Falkenstein, Esquire**
Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
kfalkenstein@coloradolawyers.com

**Eddy Leal, Esquire**
Florida Bar No. 96030
EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Ken Falkenstein*
**Ken Falkenstein, Esquire**
Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
kfalkenstein@coloradolawyers.com