IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01513-RMR-NRN
*Consolidated with* Civil Action No. 1:23-cv-01522-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC, *et al.*

Defendants.

---

PLAINTIFF'S RESPONSE TO [83] DEFENDANTS' MOTION TO DISMISS FOR LACK OF PROSECUTION AND PLAINTIFF'S MOTION FOR MONETARY SANCTIONS

---

Plaintiff GS HOLISTIC, LLC, by its undersigned counsel,[1] hereby respond to [83] Defendants' Motion to Dismiss for Lack of Prosecution ("Motion") as follows as follows:

## Introduction

Defendants' Motion lacks any factual or legal basis and should be denied. As will be shown herein, the [84] Memorandum of Law in Support of the Motion ("Memorandum") is replete with misrepresentations and falsehoods, and the evidence demonstrates that the fault for the failure of the parties to jointly file pre-trial materials with the Court by the deadline of yesterday, December 15, 2025, pursuant to this Court's [76] Order, lies ***solely*** with Defendants. Furthermore, as discussed both below and in [85] Plaintiff's Motion To

[1] Peter Ticktin, Esq. and David L. Perry, Esq. of the Ticktin Law Group remain counsel of record for Plaintiff but are not included as filing counsel for this Motion because Plaintiff no longer authorizes them to represent them in this action. These two attorneys recently filed a [77] Motion to Withdraw, which the Court today denied with leave to refile due to Messrs. Ticktin and Perry's failure to comply with the requirements of D.C.COLO.LAttyR 5(b). Plaintiff expects them to refile their Motion to Withdraw in short order.

Strike Defenses and for Monetary Sanctions ("Plaintiff's Motion to Strike") filed yesterday, the evidence demonstrates that the Motion to Dismiss was filed in bad faith. Accordingly, this Motion should be denied, and the Court should order Defendants to pay Plaintiff's attorneys' fees for the time spent responding to and litigating the Motion.

**Defendants' Assertions and Plaintiff's Rebuttals**

Defendant's Memorandum in support of their Motion makes the following assertions that Plaintiff will address in turn:

Defendants' assertion: Plaintiff having provided its pre-trial documents to defense counsel on Friday and Saturday "frustrated Defendants' ability to have any meaningful opportunity to engage in the conferral process contemplated by the Court" and "made it impossible for Defendants to properly review, respond to and confer regarding the pre-trial documents which will be the backbone of the trial against them and their livelihood." (Memorandum at 1, 8). "Plaintiff cannot reasonably withhold core submissions, particularly proposed jury instructions, and expect Defendants to confer on those very submissions." (Memorandum at 6).[2]

Plaintiff's rebuttal: Defense counsel's accusation that Plaintiff's counsel deliberately "withheld" sending the pre-trial materials to them is both false and exactly the kind of *ad hominem* personal attack that they falsely accuse Plaintiff's counsel of making

[2] As much as defense counsel want to argue that they had no obligation to even begin work on their pre-trial materials until they received the pre-trial materials from Plaintiff, they actually acknowledge in their Memorandum that the parties are "jointly" responsible for preparing these materials, conferring, and filing them: "The Court ordered that the trial currently set for January 26th remain as scheduled, but in order to facilitate this, the Court set specific deadlines and requirements for submission of critical pre-trial documents. Among those requirements was the December 15, 2025 deadline ***for the parties to confer regarding, and jointly file***, witness and exhibit lists, proposed jury instructions and verdict forms, additional voir dire questions, and deposition designations." (Memorandum at 5) (emphasis added). The Memorandum also references "the Court's express order requiring ***the parties to confer and file*** pretrial materials by December 15 . . ." (Memorandum at 9) (emphasis added).

in their Memorandum (as discussed below). As discussed in detail in Plaintiff's Motion to Strike, the truth is that once Plaintiff's counsel Ken Falkenstein was appointed lead Plaintiff's counsel last Monday, December 8, 2025, he worked late nights every night last week and twelve hours on Saturday to redraft the entirely misdrafted pre-trial documents that had been prepared by former lead counsel at The Ticktin Law Group. Most notably, this required entirely redrafting the jury instructions in accordance with this Court's Standing Order because the Ticktin attorneys had drafted them based on the Seventh Circuit's Pattern Jury Instructions and Seventh Circuit legal authorities and law. Mr. Falkenstein sent the pre-trial materials to defense counsel as soon as they were drafted. The representation to this Court by defense counsel that Plaintiff's counsel "withheld" the pre-trial materials until Friday and Saturday was made without any knowledge or information to back it up and is entirely false.

More importantly, however, defense counsel's representation that receiving the pre-trial documents on Friday and Saturday "made it impossible" for them to prepare their own pre-trial documents and submissions and "frustrated" their ability to confer also lacks any basis and is false. They had two weeks since the December 2, 2025, hearing at which the Court set the December 15 deadline to independently prepare their own pre-trial documents and submissions, but as shown in Plaintiff's Motion to Strike, ***they admit that neither defense counsel ever lifted a finger to even start doing so***. In their Motion, defense counsel never articulate any reason that they could not have done so because there ***is*** no reason. ***They know the issues and evidence of this case every bit as well as Plaintiff's counsel do*** and did not have to wait to prepare their own witness and exhibit lists, jury instructions, or deposition designations. ***If they had done so over the***

***past two weeks, counsel for the parties would have had plenty of time to confer over any areas of disagreement to meet the Monday deadline. The only reason that deadline was not met was that defense counsel took no action whatsoever for two full weeks to prepare any pre-trial documents or submissions.***

Furthermore, defense counsel argue that their demonstrably false assertion that sending the pre-trial documents to them on Friday and Saturday made it “impossible” for them to prepare their own documents constituted “prejudice” to them under the factors of *Ehrenhaus v. Reynolds*, 965 F.2d at 921 (10th Cir. 1992). (Memorandum at 8). However, in addition to the fact that defense counsel could, in fact, have been preparing their documents over the previous two week, during conferral on their Motion yesterday, Plaintiff’s counsel proposed that in lieu of their Motion to Dismiss and Plaintiff’s Motion to Strike, the parties file a joint motion for a one-week extension of the deadline to file the pre-trial materials. At the December 2 hearing, defense counsel Sarah Stemer had expressed concerns about being able to meet the December 15 deadline due to personal health issues, and the Court offered to extend the deadline by one week to December 22. So, it seemed that there was a reasonable chance that the Court would grant such a motion if the parties jointly requested it. If defense counsel truly were interested in solving the alleged issue of prejudice in the timing of receiving the pre-trial documents, they would have accepted this offer and joined in this motion. ***However, the response of defense counsel Andrew Gerber was a blunt, “We decline,” and he refused to discuss it further. Then, literally one minute after the conferral, he filed their Motion and 13-page Memorandum.*** Defense counsel’s blunt refusal to seek a one-week extension of the deadline that seemed likely to be granted and instead file a Motion alleging prejudice

demonstrates the insincerity and bad faith of this allegation.

Defendants' assertion: Plaintiff's counsel has been "lodging personal attacks against counsel for Defendants and making "[t]hreats intended to coerce opposing counsel." (Memorandum at 3). "Plaintiff engaged in a series escalating ad hominem attacks directed at counsel for the Defendant. In a series of emails, Plaintiff made unfounded accusations regarding counsel's professionalism and good faith, mischaracterized Defendants' pre-trial obligations and misstated the procedural posture of this case." (Memorandum at 6). "When Defendants advocate for their rights within the litigation, Plaintiff launches personal attacks against, and projects blame onto, Defense counsel." (Memorandum at 10).

Plaintiff's rebuttal: These allegations are part of a broader strategy, discussed below, by defense counsel to contrive a victim status in order to exploit the Court's expressed frustrations with Plaintiff at the December 2 hearing. As will be demonstrated with evidence, the truth is that Plaintiff's counsel has never engaged in an *ad hominem* personal attack on or made a coercive threat to defense counsel, and this is yet another misrepresentation to the Court by defense counsel. What defense counsel misrepresents as "*ad hominem*" and "personal attacks" have actually been well-warranted expressions of frustration with ***defense counsel's*** improper conduct at various times in this case, including making false representations to the Court, consistently refusing to confer on things like pre-trial documents and motions, and repeatedly filing improper documents with the Court that are not motions but that seek judicial relief without first conferring with Plaintiff's counsel.

Defense counsel cite [83-1] Sarah Stemer's self-serving "Declaration" as evidence of Mr. Falkenstein's alleged "*ad hominem* personal attacks," but as will be shown below, her "Declaration" is replete with mischaracterizations and misrepresentations. ***None*** of the emails referenced in Ms. Stemer's "Declaration" and attached to their Motion contained any personal attacks. Rather, what defense counsel misrepresented as "personal attacks" and "threats" demonstrably were expressions of frustration regarding ***defense counsel's conduct*** and advisements of arguments that Plaintiff intended to make at the December 2 hearing ***after defense counsel had made unwarranted threats to Plaintiff's counsel***:

[83-2] Exhibit A-1 - Defendants don't even allege that anything in this email constituted a personal attack.

[83-3] Exhibit A-2 – Mr. Falkenstein addressed the fact that Ms. Stemer's unilateral letter to the Court seeking judicial relief without prior conferral with him was improper and that this was not the first time that she had improperly filed a document unilaterally with the court seeking judicial relief without first conferring with Plaintiff's counsel. (She did the same thing in her [73] Response to the Court's [72] Order to Show Cause.) Mr. Falkenstein also noted that the need to respond to this improper letter delayed his ability to complete and send the pre-trial documents to her. Both of these points were factual and valid, and neither were personal attacks.

[83-5] Exhibit A-4 – In this email, Mr. Falkenstein made the same points made in this Response to Defendant's Motion and in Plaintiff's Motion to Strike about why it was not necessary for defense counsel to wait to receive Plaintiff's pre-trial materials before starting to prepare theirs. He then told defense counsel to stop looking for "gotcha"

moments and to prosecute their defense. This was a reference to defense counsel's cynical bad faith strategy, discussed in detail and supported by evidence in Plaintiff's Motion to Strike and below, in which defense counsel deliberately chose not to prepare pre-trial materials but rather to contrive an opportunity to claim victimhood to exploit the Court's announced intention to dismiss this case upon Plaintiff's counsel's first misstep. Everything in this email was verifiably true, and nothing, including the "gotcha" comment, was a personal attack because the evidence demonstrates that defense counsel ***were***, in fact, engaged in a bad faith "gotcha" strategy. Mr. Falkenstein was merely expressing frustration with that fact as he was trying to comply with the Court's [76] Order ***and trying to get defense counsel to do the same***.

[83-6] Exhibit A-5 – In this email, Mr. Falkenstein explained that because the Court has made clear that Plaintiff is being held ***strictly*** to the Court's deadlines, he is not in a position to engage in his usual practice of accommodating the medical issues that Ms. Stemer was constantly raising as an excuse for not having prepared her client's pre-trial documents. Mr. Falkenstein further pointed out that goodwill between counsel during litigation is a two-way street and that Ms. Stemer had shown ***no*** goodwill toward Plaintiff's counsel in this case whatsoever, instead repeatedly maligning them and making misrepresentations about them in Court (again as set forth in Plaintiff's Motion to Strike and discussed below). Everything stated in this email was verifiably true, and nothing was a personal attack.

[83-7] Exhibit A-6 – This is an email from Mr. Falkenstein dated November 20, 2025, prior to the December 2 hearing. ***Defense counsel omits the email by Ms. Stemer to which Mr. Falkenstein was responding in which she made a threat to***

***Plaintiff's counsel that they must dismiss their case or she would seek attorneys' fees for the entire case from the Court (which she did with the Court finding that she had no legal basis at the December 2 hearing).*** In this email, Mr. Falkenstein makes the same points that he made at the December 2 hearing that the Court's Standing Order placed a responsibility jointly on "the parties" to prepare and submit the Pre-Trial Order by the designated deadline and that since the early issues in the case that had already been addressed by the Court, Plaintiff had been duly prosecuting its case without any issues through the close of discovery. Plaintiff is not rearguing these points here but only making the point that everything in this email was factually correct and, in fact, placed defense counsel on notice of Plaintiff's intended arguments at the December 2 hearing. ***This email was Mr. Falkenstein's defense against an improper threat by Ms. Stemer***, and nothing in the email constituted a personal attack.[3]

In short, although defense counsel has falsely maligned Plaintiff's counsel to the Court on numerous occasions with the assertion that Plaintiff's counsel has engaged in personal *ad hominem* attacks, the evidence proves that this has never actually happened

---

[3] It is true that after the early issues were addressed by the Court, Plaintiff prosecuted its case ***without any issues through the close of discovery***. At the December 2 hearing, Ms. Stemer made a false representation to the Court that at the settlement conference with Magistrate Judge Neureiter Plaintiff's representative did not have full and complete settlement authority. Plaintiff's representative ***did***, in fact, have full and complete settlement authority and ***told Judge Neureiter the same at the settlement conference***. ***Ms. Stemer had no basis for making this false representation to the Court***, and the Court cited this false assertion by Ms. Stemer as one of the bases for finding that Plaintiff had not been prosecuting its case.

Ms. Stemer also made numerous false representations at the hearing about Plaintiff's counsel's conduct in discovery which, if true, she would properly have addressed through Magistrate Judge Neureiter's discovery resolution protocols. Throughout this case, Ms. Stemer has demonstrated no hesitation to seek Court action to address what she believes is improper conduct by Plaintiff's counsel, ***but she never engaged in Judge Neureiter's discovery protocols because defense counsel never engaged in any of the alleged improper conduct in discovery that she falsely represented to the Court*** at the December 2 hearing. Plaintiff's counsel never had an opportunity to correct any of these numerous false personal attacks by Ms. Stemer at the December 2 hearing that may have influenced the Court's opinion of Plaintiff's counsel before the Court issued its findings and rulings.

and that it is ***defense counsel*** who, in fact, have been engaging in such conduct – dishonestly – against Plaintiff's counsel.

Defendants' assertion: "By Saturday evening, Plaintiff finally provided its proposed jury instructions and deposition designations. Counsel for Defendants were out of the office and not working over the weekend, respectively preparing for the upcoming medical procedure and celebrating the upcoming Jewish holiday with their families. This left Defendants with only today, Monday, December 15 – the day of the deadline - to review the proposed submissions, make their edits and meaningfully confer with Plaintiff after Counsel for Defendants stated on the record that her availability was questionable during this week due to pre-scheduled medical treatment."

Plaintiff's rebuttal: The assertion that both defense counsel were "out of the office and not working over the weekend" is ***demonstrably*** false. First, Defense counsel Andrew Gerber filed their Motion to Dismiss and 13-page memorandum ***first thing (at 9:09 a.m.) on Monday, and that Memorandum made numerous references to events that had occurred over the weekend***. Mr. Gerber filed it one minute after conferring with Plaintiff's counsel, and he sent an email invitation to confer at 7:14 a.m. (which is 9:14 a.m. in New York, where Mr. Gerber practices). ***This means that the Memorandum had to have been prepared, at least in large part, over the weekend.*** Defense counsel also claimed as evidence that they had not been able to work during the weekend that they had been "celebrating the upcoming Jewish holiday with their families." Mr. Falkenstein is also Jewish and informs the Court that the referenced Jewish holiday, Hannukah, ***did not begin until sundown on Sunday evening***.[4] Jewish tradition is to begin celebrations

[4] All Jewish holidays begin at sundown.

on that first evening of Hannukah. So, both the contents of the Memorandum and the date of the start of Hannukah demonstrate that defense counsel's assertion that they did not and could not work over the weekend is yet another verifiable misrepresentation to the Court.

Defendants' assertion: "Plaintiff has also included expert witnesses in these disclosures despite stating to the Court at the December 2 hearing that Plaintiff would not be calling any experts at trial."

Plaintiff's rebuttal: This is yet another misrepresentation to the Court. Plaintiff disclosed two experts to Defendants in discovery complete with their reports and ***never*** stated at the December 2 hearing or at any other time any intention not to call them at trial. This misrepresentation to the Court by defense counsel has no basis in reality and was simply made up out of thin air.

Defendants' assertion: "It is extremely frustrating that Defendants have now been forced to bring this to the Court's attention."

Plaintiff's rebuttal: This is perhaps the most bold misrepresentation of all by defense counsel in that they are being downright deceitful when they characterize themselves as having been "forced to bring this to the Court's attention." ***Evidence overwhelmingly proves that the filing of the Motion to Dismiss was defense counsel's intent ever since the December 2 hearing and that they never had any intent of preparing any pre-trial materials in accordance with the Court's [76] Order.*** The evidence proving this scheme by defense counsel is laid out in detail in Plaintiff's Motion to Strike, which is incorporated herein, but this is the key evidence in summary:

1. Defense counsel Sarah Stemer rejected an invitation by the Court at the

December 2 hearing to extend the deadline for the pre-trial documents to December 22 despite knowing that she had personal circumstances that would make it difficult or impossible for her to meet the December 15 deadline. Instead, she gave the Court her personal assurance that she could meet that deadline. Mr. Gerber, who was also in attendance at the hearing, also did not accept the Court's invitation to extend the deadline.

2. Although Ms. Stemer has stated that medical issues would make it difficult to meet the December 15 deadline, she assured the Court that she could, in fact do so. By the time of the December 2 hearing, she also had co-counsel, Mr. Gerber, available to work on the pre-trial materials.

3. Nevertheless, when Mr. Falkenstein started sending pre-trial materials to defense counsel on Friday, Ms. Stemer responded with an email making clear that defense counsel ***had not lifted a finger to even start preparing theirs in the two weeks since the December 2 hearing***.

4. To this day, defense counsel have never articulated a reason that, ***although they know the evidence and issues of the case as well as Plaintiff's counsel***, they were unable to begin preparation of pre-trial materials until they received Plaintiff's.

5. On the morning of the deadline, Monday, December 15, during conferral on Defendant's Motion to Dismiss and Plaintiff's Motion to Strike, when Mr. Falkenstein proposed that the parties file a joint motion for a one-week extension of the deadline ***to the date offered by the Court at the December 2 hearing***, Mr. Gerber's curt response was, "We decline," ***and he refused to discuss the proposal further***. ***One minute later, at 9:09 a.m.***, he filed Defendant's Motion to Dismiss and 13-page Memorandum.

These facts, again as set forth and discussed in more detail in Plaintiff's Motion to

Strike, demonstrate that defense counsel ***never*** intended to prepare any pre-trial pleadings. When they saw the Court express its frustrations with Plaintiff at the December 2 hearing and announce that the case would be dismissed upon any other misstep by Plaintiff's counsel, defense counsel adopted a strategy of exploiting the Court's announcement to contrive an opportunity to claim victimhood and seek dismissal of the case. They did so by arguing, with no basis, that they were unable to even begin preparing pre-trial materials until they received Plaintiff's and that they were therefore unduly prejudiced by receiving them at the end of last week. ***Of course, they could and undoubtedly would have made that argument at any time in the last week and, as they did here, would have included Ms. Stemer's medical issues as part of their claim of victimhood and alleged prejudice.***

***The irrefutable proof of this cynical bad faith strategy behind the filing of the Motion is defense counsel's blunt rejection of the offer on Monday morning to file a joint motion for a one week-extension of the deadline previously offered by the Court.*** Because the Court had already offered to set the deadline on December 22, 2025, there was a good chance that the Court would grant such a motion. ***So, if defense counsel truly were concerned about having enough time to prepare their pre-trial documents, confer, and jointly and timely file those documents, accepting the offer to file that motion would have had a very good chance of resolving that issue.*** However, ***they never even considered it***. They not only rejected that offer, but they did so bluntly, without any willingness even to discuss it, and then ***one minute later – at 9:09 a.m. on the morning of the deadline*** – they filed their Motion and ***13-page Memorandum***. Their blunt rejection, ***without any willingness even to consider it***, of a

very good opportunity to seek an extra week to prepare the pre-trial documents, proves ***conclusively*** that the Motion to Dismiss was ***always*** their endgame and that they ***never*** wanted or intended to prepare pre-trial documents as ordered by this Court.

So, when defense counsel claim in their Memorandum that "[i]t is extremely frustrating that Defendants have now been forced to bring this to the Court's attention," it is apparent that they are being intentionally deceitful and hoping that the Court will be fooled as part of a scheme of contriving victimhood that they have planned since the December 2 hearing.

**Response to Motion**

As the foregoing demonstrates, there is ***no*** basis to support Defendant's Motion, and it should be denied outright. However, to the extent it is necessary, Defendants will address the five *Ehrenhaus* factors:

1. **Defendants Experienced *No* Prejudice Whatsoever From the Timing of Plaintiff's Production of the Pre-Trial Materials.**

For the reasons discussed at length in Plaintiff's Motion to Strike, Plaintiff's counsel was unable to provide the pre-trial materials to defense counsel until Friday and Saturday.[5] However, as discussed above, nothing prevented defense counsel from preparing their own materials in the two weeks since the December 2 hearing, ***and had they done so, the parties would have had plenty of time to confer on issues in dispute***. Furthermore, and even more importantly, defense counsel had the opportunity to join with Plaintiff's counsel in filing a joint motion to extend the deadline by one week to a date that the Court had previously indicated would be acceptable, but defense

[5] In the interests of economy, Defendants incorporate herein the detailed discussion in Plaintiff's Motion to Strike regarding the work that Mr. Falkenstein had to do and did do over the course of last week to prepare and send the pre-trial materials to defense counsel.

counsel ***refused even to consider and flatly rejected*** that offer and filed their Motion to Dismiss one minute later. So, Defendants suffered ***no*** prejudice from the timing of Plaintiff's production of the pre-trial materials, and to the extent that they may have suffered any prejudice, it was ***entirely*** from their own neglect of the Court's [76] Order in pursuit of their bad faith strategy since the December 2 hearing to pursue the Motion to Dismiss in lieu of preparing any pre-trial documents.

**2. It Was Defendants' Deliberate Refusal to Prepare *Any* Pre-Trial Documents, Not Plaintiff's Timing in Producing Theirs, That Interfered With the Judicial Process.**

Plaintiff had all of its pre-trial materials timely prepared when Defendants failed to prepare and work with Plaintiff on a joint filing. The ***only*** reason that there was no joint filing by the parties in accordance with the Court's [76] Order is that in the two weeks since the December 2 hearing, defense counsel ***did not lift a finger*** to prepare theirs and refused to confer with Plaintiff's counsel about it. So, although Plaintiff does acknowledge that there has been interference with the judicial process, that interference was ***entirely*** the deliberate refusal of defense counsel to comply with the Court's [76] Order, ***with which Plaintiff's counsel complied in its entirety***.

**3. Defendants Are the Litigants Who Are Entirely Culpable.**

As discussed above, Plaintiff timely completed and filed all of its pre-trial materials. Defense counsel did not lift a finger to even begin preparing theirs because they were pursuing a bad faith strategy of contriving victim status to seek dismissal of the case. The culpability for the fact that joint pre-trial materials have not been filed, thereby interfering with the ability to move this case to trial, lies ***entirely*** with Defendants.

**4. Plaintiff Took the Court's Prior Warnings Seriously and Fully Complied With Them.**

As discussed in detail in Plaintiff's Motion to Strike, when Ken Falkenstein was contracted to take over as lead counsel for Plaintiff GS Holistic last Monday, December 8, 2025, the first thing he did was review the pre-trial materials prepared by former lead counsel The Ticktin Law Group. When he discovered that those materials had been prepared entirely inconsistently with this Court's Standing Order and forms, he worked late nights all of last week and twelve hours on Saturday to redraft all of them to comply with the Standing Order and forms. This work is spelled out in detail in Plaintiff's Motion to Strike. The point here is that ***current*** Plaintiff's counsel have been meticulous in taking the Court's prior warnings to heart and complying with them. And in fact, ***Plaintiff did complete those materials in time to confer with defense counsel if they had completed theirs, and Plaintiff did timely file their pre-trial materials in conformance with the Standing Order and the Court's [76] Order on December 15, 2025***.

5. **The Only Sanctions That Are Warranted Under the Present Circumstances Are on Defendants.**

As fully discussed herein, Plaintiff fully met its obligations under the Court's [76] Order, and no sanction is warranted on Plaintiff. ***However, Defendants utterly failed – and, in fact, deliberately refused - to do so***, and sanctions ***are*** warranted for that failure as discussed and requested in Plaintiff's Mation to Strike. Furthermore, this Motion to Dismiss was filed as part of a bad faith scheme by defense counsel to take opportunistic advantage of the Court's announcement at the December 2 hearing regarding Plaintiff, to contrive victimhood, and to seek dismissal of the case ***in lieu of preparing pre-trial***

***materials as ordered by the Court***. Accordingly, in addition to the sanctions requested in Plaintiff's Motion to Strike, Plaintiff requests that the Court order Defendants to pay their attorneys' fees for the time spent to respond to and litigate Defendants' bad faith Motion to Dismiss.

## Conclusion

For the reasons stated herein, Plaintiff respectfully requests that this Honorable Court deny [83] Defendants' Motion to Dismiss for Lack of Prosecution, find that it was filed in bad faith, and order Defendants to pay Plaintiff's attorneys' fees for the time spent to respond to and litigate this Motion.

Date: December 16, 2025

Respectfully submitted,

**Ken Falkenstein, Esquire**
Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
kfalkenstein@coloradolawyers.com

**Eddy Leal, Esquire**
Florida Bar No. 96030
EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

*/s/ Ken Falkenstein*
**Ken Falkenstein, Esquire**
Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
kfalkenstein@coloradolawyers.com