**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01513-RMR-NRN
*Consolidated with* Civil Action No. 1:23-cv-01522-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC, *et al.*,

Defendants.

---

# FINAL PRETRIAL ORDER

---

## 1. DATE AND APPEARANCES

a. Date of Pretrial Conference: January 5, 2026

b. Appearing on behalf of Plaintiff GS Holistic:

Ken Falkenstein
Irwin Fraley PLLC
6377 South Revere Parkway
Suite 400
Centennial, CO 80111
303-999-9000

Eddy Leal
Eddy Leal PA
777 Brickell Avenue
Suite 500
Miami, FL 33131
305-979-3900

c. Appearing on behalf of Defendants:

Sarah Stemer
Stemer, P.A.
6067 Dudley Court
Arvada, CO 80004
303-928-1094

Andrew Isaac Gerber
Gerber Law PLLC
27 Union Square West
Suite 301
New York, NY 10003
212-658-1810

## 2. JURISDICTION

This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement by counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding venue.

## 3. CLAIMS AND DEFENSES

Plaintiff: This is a civil action against the Defendants for trademark infringement by counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.). Plaintiff alleges that the Defendants offered for sale counterfeit goods bearing marks that infringed on several of the Plaintiff's federally registered trademarks and that such offers are likely to cause confusion as to the source of the counterfeit goods in the market. Plaintiff's claims seek statutory damages pursuant to 15 U.S.C. § 1117(c) for trademark infringement by counterfeiting and costs for false designation of origin and unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and § 1125(a).

Defendants: Defendants assert that the products alleged as counterfeit by Plaintiff are not counterfeit. The basis of this defense is that records indicate that Plaintiff only recently began using authentication stickers on its packaging. Defendants also assert in the alternative that Defendants did not act willfully with regard to their sale of allegedly counterfeit goods. The basis for this defense is the fact that the Defendants purchased the products in the ordinary course of business, that they never heard of the product prior to this lawsuit and allegedly counterfeit products are not of any quality that would raise suspicion.

## 4. STIPULATIONS

1. The Plaintiff's trademarks are registered with the United States Patent and

Trademark Office.

2. The gravity infusers which are the subject of the above styled lawsuit were not purchased directly from GS Holistic, LLC.

3. The allegedly counterfeit gravity infusers which were offered for sale by the Defendants and sold to an investigator, which are now the subject of the above styled lawsuit look almost exactly like the authentic gravity infusers which the Plaintiff manufactures and distributes and are likely to be confused with authentic Stündenglass gravity infusers.

4. The Defendants do not sell goods for any criminal purposes.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

a. List the nonexpert witnesses to be called by each party. List separately:

**(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));**

a. Plaintiff (all are expected to appear in person):

i. Bryan Malamut - Investigator, Custodian of Plaintiff's records. Bryan Malamut is one of the Plaintiff's investigators, and the records custodian of the Plaintiff's investigative records. Mr. Malamut visited the Defendants' stores and will testify to his personal knowledge, his report and observations, and also as to the Plaintiff's investigation reports. Estimated Time: 2.5 hours including cross-examination.

ii. John Neuman - Investigator, Custodian of Plaintiff's records. John Neuman is one of the Plaintiff's investigators. Mr. Neuman visited

the Defendant stores and will testify to his personal knowledge, his report and observations. Estimated Time: 2.5 hours including cross-examination

iii. Christopher Folkerts - CEO of GS Holistics. Mr. Folkerts will testify in his capacity as the CEO for GS Holistic, LLC and as to his observations and personal knowledge on matters including, but not limited to, the impact of the sale of counterfeit products on his company and its reputation. Estimated Time: 4 hours including cross examination

iv. Any and all individuals listed by the Defendants to which Plaintiff does not object. Estimated Time: 4.0 including cross-examination

b. Defendants' Witnesses (are to appear in person):

i. Monjed Abed – Mr. Abed is the owner and manager of Vaportoke, a store which Plaintiff is alleging sold a counterfeit waterpipe. Mr. Abed will testify as to his personal knowledge and the business records of Vaportoke on matters including not limited to his mental mens rea surrounding the actions in Plaintiff's allegations, as well as the circumstances surrounding the stores purchase and sale of the products as issue in this matter. Estimated Time: 2.5 hours including cross-examination

ii. Daniel Trujllo – Mr. Trujillo is the owner and manager of Daddy Dankz, a store which Plaintiff is alleging sold a counterfeit waterpipe. Mr. Trujillo will testify as to his personal knowledge and

the business records of Vaportoke on matters including not limited to his mental mens rea surrounding the actions in Plaintiff's allegations, as well as the circumstances surrounding the stores purchase and sale of the products as issue in this matter. Estimated Time: 2.5 hours including cross-examination

iii. Lance Paul – Mr. Paul is the owner and manager of Things That Bubble, a store which Plaintiff is alleging sold a counterfeit waterpipe. Mr. Paul will testify as to his personal knowledge and the business records of Vaportoke on matters including not limited to his mental mens rea surrounding the actions in Plaintiff's allegations, as well as the circumstances surrounding the stores purchase and sale of the products as issue in this matter. Estimated Time: 2.5 hours including cross-examination

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

<u>Plaintiff:</u> None.

<u>Defendant:</u> None.

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

<u>Plaintiff:</u>

i. Monjed Abed – Defendant. Designated portions of Mr. Abed's deposition will be read to the jury. Estimated Time: .5 hours.

ii. Daniel S. Trujillo - Defendant. Designated portions of Mr. Abed's deposition will be read to the jury. Estimated Time: .5 hours.

iii. Lance Paul - Designated portions of Mr. Abed's deposition will be read to the jury. Estimated Time: .5 hours.

b. **List the expert witnesses to be called by each party. List separately:**

(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff (expected to appear in person):

i. Frank W. McBride - Survey and Market Research Expert. Mr. McBride Will testify that consumers can be easily misled by the counterfeit products at issue. Estimated Time: 2.5 hours including cross examination

(2) Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

and

Plaintiff (expected to appear in person if needed):

i. Bernard F. Pettingill - Expert economist. Mr. Pettingill will testify regarding Plaintiff's lost profits. Estimated Time:2.5 hours including cross examination

(3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

None.

## 7. EXHIBITS

(1) Plaintiff:

a. Registration certificate for U.S. Trademark Registration Number 6,633,884, stipulated

b. Registration certificate for U.S. Trademark Registration Number 6,174,292, stipulated

c. Registration certificate for U.S. Trademark Registration Number 6,174,291,

stipulated

d. Investigation Report of Vaportoke, Inc d/b/a Colorado Vape & Toke store

e. Allegedly counterfeit Gravity Infuser Offered for Sale by the Defendants' Vaportoke, Inc d/b/a Colorado Vape & Toke store

f. Investigation Report of Vaportoke, Inc d/b/a Vaportoke store

g. Allegedly counterfeit Stündenglass Gravity Infuser Offered for Sale by the Defendants' Vaportoke Inc. d/b/a Vaportoke store

h. Investigation Report of Daddy Dankz Inc d/b/a Daddy Dankz – Denver store location

i. Allegedly counterfeit Stündenglass Gravity Infuser Offered for Sale by the Defendants' Daddy Dankz Inc d/b/a Daddy Dankz – Denver store location

j. Investigation Report of Daddy Dankz Inc d/b/a Daddy Dankz - Lakewood store location

k. Allegedly counterfeit Stündenglass Gravity Infuser Offered for Sale by the Defendants' Daddy Dankz Inc d/b/a Daddy Dankz - Lakewood store location

l. Investigation Report of Things That Bubble LLC d/b/a Things That Bubble store location

m. Allegedly counterfeit Stündenglass Gravity Infuser Offered for Sale by the Defendants' Things That Bubble LLC d/b/a Things That Bubble store location

n. Authentic Black Stündenglass Gravity Infuser

o. Authentic Cookes Collaborative Edition Stündenglass Gravity Infuser

p. Authentic Pink Stündenglass Gravity Infuser

q. Authentic Silver Stündenglass Gravity Infuser

r. Authentic Kompact Stündenglass Gravity Infuser

s. Stündenglass International Recognition Slide Deck

t. Stündenglass Consumer Sophistication Slide Deck

u. Stündenglass Product Instruction Manual

v. Stündenglass Product Catalog

(2) Defendants:

a. Settlement letter addressed to Daniel Trujillo included in served papers, stipulated as to authenticity but not as to admissibility

b. Settlement letter addressed to Lance Paul included in served papers, stipulated as to authenticity but not as to admissibility

c. Settlement letter addressed to Monjed Abed included in served papers, stipulated as to authenticity but not as to admissibility

d. Digital image from the United States Patent and Trademark Office (USPTO) official government website showing the specimen of use that was submitted with Trademark Registration Number 6,633,884, stipulated

e. Digital image from the United States Patent and Trademark Office (USPTO) official government website showing the specimen of use that was submitted with Trademark Registration Number 6,174,292, stipulated

f. Digital image from the United States Patent and Trademark Office (USPTO) official government website showing the specimen of use that was submitted with Trademark Registration Number 6,174,291, stipulated

g. Digital image of GS Stündenglass Facebook showing photograph of box without authentication sticker, along with caption, stipulated

h. Digital image of GS Stündenglass Facebook showing photograph of large shipping box with multiple products boxes without authentication stickers, along with caption, stipulated

i. Digital image of GS Stündenglass Facebook showing photograph of box on porch without authentication sticker, along with caption, stipulated

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P.26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

**8. DISCOVERY**

Discovery has been completed.

**9. SPECIAL ISSUES**

Plaintiff: Plaintiff has submitted several custom jury instructions addressing issues that are not covered in the Federal Jury Practice and Instructions – Civil. The legal authority for each proposed custom instruction is cited at the bottom of each respective instruction.

Defendant: Same as above.

**10. SETTLEMENT**

a. Counsel for the parties and any *pro se* party met *in person* on June 10, 2024, to discuss in good faith the settlement of the case.

b. The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any *pro se* party that there is little possibility of settlement.

f. Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6 and did in fact participate in a settlement conference with Magistrate Judge Neureiter on June 10, 2024.

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case. Offers of Judgement have been made by Defendants in this case. Plaintiff reserves its rights to contest the validity and enforceability of those offers of judgment.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Three consolidated cases will be proceeding to jury trial, Civil Case No. 23-cv-01513-RMR-NRN; *GS Holistic, LLC v. Vaportoke Inc. et al*; Civil Case No. 23-cv-01709-RMR-NRN, *GS Holistic, LLC v. Things That Bubble LLC et al*; and Civil Case No. 23-cv-01772-RMR-NRN, *GS Holistic, LLC v. Daddy Dankz Inc. et al.* The parties estimate that the trial will require 4 days. There are no other orders pertinent to the trial proceedings. The trial will occur in Courtroom A901 of the Alfred A. Arraj United States Courthouse located in Denver, Colorado.

DATED this 7 day of January, 2026.

BY THE COURT

United States Judge

APPROVED:

| | |
|---|---|
| *s/ Ken Falkenstein* | *s/ Sarah Stemer* |
| Ken Falkenstein, Esq. | Sarah Stemer Esq. |
| Irwin Fraley, PLLC | Stemer, PA |
| 8377 S. Revere Parkway, Suite 400 | 3700 Tennyson Street, Unit 1 |
| Centennial, CO 80111 | Denver, Colorado 80212 |
| Telephone: 303-999-9000 | Telephone: (303) 928-1094 |
| Lead Counsel for Plaintiff | Lead Counsel for Defendants |