**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC., et. al,

Defendants.

---

**PLAINTIFF'S BRIEF ON DISPUTED JURY INSTRUCTIONS AND OTHER MATTERS DISCUSSED AT TRIAL PREPARATION CONFERENCE**

---

Plaintiff GS Holistic, LLC, by its undersigned counsel, hereby files its brief regarding disputed jury instructions and other disputed issues discussed at the Trial Preparation Conference ("TPC") on January 5, 2026, pursuant to the [105] Courtroom Minutes of the TPC.[1] Plaintiff hereby provides its argument and authorities on the following issues:

**1. A Plaintiff in a Trademark Infringement Lawsuit Need Not Prove Willfulness or Knowledge in Seeking Basic Statutory Damages. (Proposed Jury Instructions 50, 52, 68, 69, 70)**

In the referenced Proposed Jury Instructions, Defendants assert that in order for Plaintiff to establish a case for basic statutory damages for trademark infringement they must prove that

[1] The [105] Courtroom Minutes instructed the parties to submit briefs regarding "disputed jury instructions," but on the record of the TPC, the Court also authorized the parties to address two additional issues: (1) whether the issue of statutory punitive damages under 15 U.S.C. § 1117(c)(2) should be submitted to the jury or decided by the judge at trial and (2) whether Plaintiff has a right under F.R.C.P. 32(a)(3) to read deposition testimony of Defendants to the jury notwithstanding their presence at trial.

Defendants "willfully" infringed the trademark. They even seek to change the language of the pattern jury instructions used by the Court in Proposed Jury Instructions 50 and 52.

The statute that establishes the cause of action for trademark infringement under the Lanham Act is 15 U.S.C. § 1114. In relevant part, the statute states that a person infringes on a trademark if he or she

> shall, without the consent of the registrant--use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a). Contrary to the assertions of Defendants, nowhere in that statute does it state that willfulness is an element of a trademark infringement claim.

Defendants respond that the law is different for counterfeit claims than for other trademark infringement claims. Once again the plain language of the governing statutes proves this assertion to be incorrect. First, "counterfeit" claims are expressly included in the language of 15 U.S.C. § 1114(1)(a), as shown above and are not distinguished from any other claim with any separate standards. Second, Plaintiff has elected to seek statutory damages under 15 U.S.C. § 1117(c). For a claim for basic statutory damages, Plaintiff is entitled to seek "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). There is no requirement in this statute to prove willfulness in order to recover these statutory damages. It is *only* where Plaintiff seeks the *punitive* statutory damages of up to $2,000,000 that Plaintiff must prove "that the use of the counterfeit mark was willful." 15 U.S.C. § 1117(c)(2). The willfulness requirement is found nowhere else in either 15 U.S.C. § 1114 or 15 U.S.C. § 1117(c).

Defendants cite the case of *Tapestry, Inc. v. Hannstar Trading Co., Ltd.*, 2023 WL 8600714 (D. Colo. December 12, 2023) as authority for their proposition that willfulness is an element of a basic claim for statutory damages for trademark counterfeit claims. *Tapestry* does not in any way support this proposition. As Judge Wang stated in this case,

> The Tenth Circuit has explained that "[t]he elements of an infringement claim under the Lanham Act are (1) that the plaintiff has a protectable interest in the mark, (2) that the defendant has used an identical or similar mark in commerce, and (3) that the defendant's use is likely to confuse consumers." *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013).

Willfulness was not cited by Judge Wang in *Tapestry* or by the Tenth Circuit in *1-800 Contacts* as an element of a basic claim for trademark counterfeiting statutory damages.

Defendants nevertheless also cite to language in *Tapestry* suggesting that "[t]o recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit . . . ." *Tapestry*, 2023 WL 8600714, at *4. What Defendants always omit is that the *Tapestry* court specifically stated that "Plaintiffs suggest" that this is the standard and that the court went on to say – in the very same paragraph – that it had no need to address that issue at all. *See id.*

As much as Defendants want to argue that counterfeit cases are held to a different and higher standard of having to prove willfulness to establish a claim for basic statutory damages, the fact is that the plain language of the governing statutes refute that claim and Defendants' primary case that they site in support of their assertion does not even address the issue.

**2. Willfulness under 15 U.S.C. § 1117(c)(2) Can Be Established By Proving Reckless Disregard. (Proposed Jury Instruction No.67)**

As discussed above, if a Plaintiff proves "that the use of the counterfeit mark was willful," Plaintiff is entitled to seek statutory punitive damages of up to $2,000,000. 15 U.S.C. § 1117(c)(2). To establish willfulness in seeking punitive statutory damages, it is not necessary for Plaintiff to prove that the Defendants had knowledge that its actions constitute an infringement because willfulness can also be established by proving "that the infringer acted in reckless disregard" of the trademark owner's rights. *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, 2015 WL 794328, at *6 (D. Colo. February 4, 2015) (Magistrate Judge Craig B. Shaffer) (*citing Schmidt v. Holy Cross Cemetery, Inc.*, 840 F.Supp. 829, 834–35 (D. Kan.1993)). "[K]nowledge may be actual or constructive. In other words, it need not be proven directly but may be inferred from the defendant's conduct." *Id.* (*quoting N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir.1992)).

It should be noted that it is already the law of this case that willfulness may be established by proving reckless disregard by the Defendants. After full briefing by the parties, Magistrate Judge Neureiter wrote in his [48] Report and Recommendation on Defendants' Motion To Dismiss (Dkt. #37) ("Recommendation"),

> The Court recognizes that "[w]illful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights. Thus, knowledge need not be directly proved, but can be inferred from a defendant's conduct." *Microsoft Corp. v. Logical Choice Comps., Inc.*, No. 99 C 1300, 2001 WL 58950 (N. D. Ill. Jan. 19, 2011).

([48] Recommendation at 14). The Court concluded that "the Recommendation is a correct application of the facts and the law" and accepted and adopted it. ([54] Order Adopting Magistrate Judge's Recommendation).

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1288 (10th Cir. 2024). The law of the case doctrine is a matter of judicial discretion but creates a presumption in favor of the established law. See *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1242 (10th Cir. 2016); *Been v. O.K. Industries, Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). Courts should relitigate settled issues "when the failure to do so would work a manifest injustice." *Entek GRB, LLC* at 1242. So, in the absence of any controlling authority showing that the Court was clearly erroneous in its previous conclusion that willfulness may be shown through evidence of reckless disregard, that decision should continue to govern in this case.

**3. The Jury Should Be Instructed That For Statutory Damages to Serve Their Deterrent Purpose They Should Deter Future Trademark Counterfeiting. (Proposed Jury Instruction 71)**

It is also already the established law of the case that when determining the appropriate amount of statutory damages to award under Section 1117(c), one important consideration is "the deterrent effect on others besides the defendant." ([48] Magistrate Judge Neureiter's Recommendation at 12 as [54] adopted by the Court). *See also Coach, Inc. v. Diva Shoes & Accessories*, 2011 WL 1483436, at *6 (N.D. Cal. Apr. 19, 2011). The jury should be so instructed.

**4. The Questions of Whether a Defendant Acted Willfully Under 15 U.S.C. § 1117(C)(2) and, If So, the Amount of Punitive Statutory Damages To Be Awarded Must Be Presented To The Jury.**

At the TPC, the Court referenced the language of 15 U.S.C. § 1117(c)(2) stating that a plaintiff may elect to recover instead of actual damages "an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of . . . (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." The Court inquired as to whether the references in the statute to "the court" meant that the determination of willfulness and the amount of any punitive award should be decided by the judge rather than submitted to the jury. The answer is that these questions *must*, as a matter of constitutional law, be submitted to the jury.

Although this issue does not appear to have been previously addressed in the Tenth Circuit, it has been addressed in the Eighth Circuit and by analogy by the Supreme Court of the United States. In *3M Co. v. Mohan*, 2010 WL 5095676, at *28 (D. Minn. Nov. 24, 2010), the District Court of Minnesota ruled that "[t]he Court is constitutionally barred from awarding statutory damages where the defendant did not waive his demand for a jury trial." The court noted that the Eighth Circuit had previously ruled that when a trademark owner elects statutory damages as a remedy for trademark infringement, the defendant has a Seventh Amendment right to a jury determination of the amount of statutory damages." *Bar–Meir v. N. Am. Die Casting Ass'n*, 55 Fed. Appx. 389, 390–91 (8th Cir.2003). In *Bar-Meir*, the Eighth Circuit came to that conclusion based upon a ruling of the U.S. Supreme Court in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353–54 (1998). In *Feltner*, the Supreme Court ruled that "the Seventh Amendment

provides a right to a jury trial on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id.*

The reasoning applied in *Feltner* applies equally to the statutory damages for trademark infringement under the Lanham Act, as the District of Minnesota expressly found in *3M Co.*. Thus, in 15 U.S.C. § 1117(c)(2), the phrase "the court" must be interpreted to conform with the requirements of the Seventh Amendment to mean "the jury," and these issues under 15 U.S.C. § 1117(c)(2) must be submitted to the jury.

5. **Plaintiff Has a Right to Read the Party Defendants' Depositions at Trial Notwithstanding the Fact That The Defendants Were Listed as "Will-Call" Witnesses By the Defense.**

Plaintiff listed in its Witness List and in the Pre-Trial Order ("PTO") its intention to call three personal Defendants as witnesses in Plaintiff's case-in-chief by reading portions of their deposition transcripts to the jury at trial. At the TPC, the Court announced its intention to preclude Plaintiff from doing so based on the fact that the Defendants listed those Defendants as "will-call" witnesses on their Witness List and in the PTO, so they will be available to testify in person at trial. Plaintiff respectfully asserted at the TPC that it had a right under the Rules to read the transcripts to the jury, and the Court agreed to allow the parties to brief this issue.

Under F.R.E. 32(a)(3), in relevant part, "[a]n adverse party may use *for any purpose* the deposition of a party . . . ." (Emphasis added.) Under Rule 32 a party may introduce "as a part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there." *King & King Enters. V. Champlin Petro. Co.*, 657 F. 2d 1147, 1164 (10th Cir. 1981); *see also Aetna Cas. & Surety Co. v. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983)("[F.R.C.P. 32(a)(3)] has been consistently interpreted to allow a party

to introduce the deposition of an adversary regardless of the adversary's availability at trial."). Courts do retain sound discretion with regard to the reading of deposition transcripts at trial to rule on substantive objections and to avoid duplication or material that is immaterial or irrelevant. *See id.* However, that discretion does not extend to "flatly ruling that the depositions of the parties could not be used as testimony." *Id. at 1165*.

In a recent case brought by GS Holistic that was tried to a jury in the Eastern District of Wisconsin, Defendants objected to the reading of Defendants' deposition transcripts based on the presence at trial of those defendants. Upon his own review of applicable caselaw, the judge overruled Defendants' objections and allowed the reading of the depositions, stating,

> [I]t's pretty clear that most courts consider that to be, if you want to put it in as substantive evidence, you can . . . . So if you decide you want to put the deposition testimony in, Mr. Sati's deposition testimony in, Mr. Ticktin, as substantive evidence, you can move it in, and I have no reason not to admit it unless there's some other issue with that.

(Exh. 1 – Volume II of transcript of trial of *GS Holistic, LLC v. AZ Vapor, Inc.,* et al., Eastern District of Wisconsin, Case No. 23-CV-742 (July 29, 2025) at 283-84).

In the present case, Plaintiff designated specific portions of each witness' deposition testimony to be read at trial and timely provided those designations to Defendants in accordance with the Court's pre-trial orders. Defendants did not submit any objections to any of these deposition designations.[2] So, in accordance with Rule 32(a)(3), Plaintiff has a right to read those designated deposition portions to the jury and should be permitted to do so in its case-in-chief.

[2] Defendants also did not object to the reading of these transcripts to the jury, so any such objection on their part at this time should be considered waived.

Respectfully submitted on January 12, 2026.

By: s/ Ken Falkenstein
Ken Falkenstein, Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
Email: kfalkenstein@coloradolawyers.com

Eddy Leal, Esq., Florida Bar No. 96030
EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

s/ Ken Falkenstein
Ken Falkenstein