**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC d/b/a
COLORADO VAPE & TOKE,
and MONJED ABED,

Defendants.

---

**ORDER**

---

This matter is before the Court on the parties' simultaneous briefing regarding disputed jury instructions and other disputed issues discussed at the January 5, 2026 Trial Preparation Conference. Plaintiff has filed its brief, ECF No. 107, and Defendants have filed their brief, ECF No. 108.[1]

## I. BACKGROUND

Plaintiff GS Holistic is the owner of federally registered "Stündenglass" trademarks. This case arises out of Plaintiff's allegations that "Defendants offered for sale counterfeit goods bearing marks that infringed on several of the Plaintiff's federally registered

[1] The Court notes that Plaintiff failed to properly format its briefing according to RMR Civ. Practice Standard 10.1(a), which states "All papers filed with the Court by anyone other than a judicial officer shall be double spaced and in Arial 12-point font." Defendants similarly disregard RMR. Civ. Practice Standard 10.1(b)(3), which states "Whenever practicable, citations to unpublished opinion should include a Westlaw® citation." *See* ECF No. 108 at 1.

trademarks and that such offers are likely to cause confusion as to the source of the counterfeit goods in the market." ECF No. 106 at 2. Plaintiff brings two claims: (1) trademark infringement by counterfeiting in violation of 15 U.S.C. § 1114; and (2) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a). Plaintiff's claims seek statutory damages pursuant to 15 U.S.C. § 1117(c).

This case is set for trial beginning January 26, 2026. The parties dispute several proposed jury instructions and other trial related issues. The Court addresses each below.

## II. LEGAL STANDARD

The Lanham Act governs trademarks, service marks and unfair competition. Three particular sections of the Lanham Act, Sections 32, 43, and 35, are relevant to the issues in this case and are detailed in pertinent part below.

First, Section 32 of the Lanham Act covers remedies and infringement:

> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy or colorably imitate a registered mark and apply such reproduction, counterfeit, copy or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the

> registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1).

Second, Section 43 of the Lanham Act governs false designations of origin:

> (a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

Finally, Section 35 of the Lanham Act outlines recovery for violation of rights:

> (c) In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

## III. ANALYSIS

### 1. Whether Plaintiff needs to prove "willfulness" or "knowledge" in a trademark counterfeit case

Plaintiff argues that it need not prove willfulness or knowledge in seeking basic statutory damages in a trademark infringement lawsuit, impacting proposed jury instructions 50, 52, and 68-70.[2] ECF No. 107 at 1-3. Defendants assert that knowledge is a precondition to liability in counterfeiting cases. ECF No. 108 at 2. Specifically, Defendants cite *Oakley, Inc. v. Ly*, which states: "To prevail on a counterfeiting claim under the Lanham Act, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." No. 20-CV-1414-WJM-MEH, 2021 WL 3206320, at *2 (D. Colo. July 29, 2021).

First, Plaintiff's discussion of this dispute conflates the statute governing trademark infringement (15 U.S.C. § 1114) and recovery of damages (15 U.S.C. § 1117). The parties appear to agree that "willfulness" only applies to recovery of statutory damages

[2] At the January 5, 2026 Trial Preparation Conference, the Court ordered the parties to identify the disputed jury instructions in their briefing. Because Defendants did not identify disputed jury instructions, the Court will only address disputed jury instructions identified by Plaintiff.

under 15 U.S.C. § 1117(c). The question is whether "knowledge" is required to prevail on a trademark *counterfeit* claim. Plaintiff does not address "knowledge" in its analysis of the statute and simply argues that Defendants have cherry-picked language from *Tapestry, Inc. v. Hannstar Trading Co., Ltd.*, No. 23-CV-01049-NYW-KAS, 2023 WL 8600714, at *4 (D. Colo. Dec. 12, 2023). ECF No. 107 at 3 ("What Defendants always omit is that the *Tapestry* court specifically stated that 'Plaintiffs suggest' that this is the standard and that the court went on to say – in the very same paragraph – that it had no need to address that issue at all").

Defendants cite to several other cases, including those brought by GS Holistic in other jurisdictions, establishing the standard for trademark counterfeit claims to include "Defendant intentionally used the mark knowing it was counterfeit." *See Goode v. Ramsaur*, No. 20-CV-00947-DDD-KAS, 2024 WL 3849756, at *10 (D. Colo. Aug. 16, 2024), *report and recommendation adopted*, No. 1:20-CV-00947-DDD-KAS, 2024 WL 4591414 (D. Colo. Sept. 3, 2024) ("To state an actionable trademark counterfeiting claim under the Lanham Act, Plaintiffs must plausibly allege that (1) Defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) Defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116.); *see also GS Holistic, LLC v. In & Out 423 Inc.*, No. 2:23-CV-11910-TBG-EAS, 2024 WL 3221413, at *3 (E.D. Mich. May 23, 2024) ("To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed on a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the

mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." (citation omitted)).

The Court is persuaded by Defendant's interpretation of trademark counterfeit claims. Section 32 of the Lanham Act defines general remedies and infringement under trademark law. "Counterfeiting is a subset of infringement." *GS Holistic, LLC v. In & Out 423 Inc.*, 2024 WL 3221413, at *3. Therefore, it logically follows that courts have analyzed trademark counterfeit claims under a unique standard, involving both establishing violation of 15 U.S.C. § 1114 and intentional use of the mark knowing it was a counterfeit. The Court finds no reason to stray from the legal standard used by this Court and other courts alike. Accordingly, the Court finds that "knowledge" is a required element in establishing a trademark counterfeit claim.

Plaintiffs suggest that the incorporation of "willfulness" or "knowledge" impacts Proposed Jury Instruction Nos. 50, 52, 68, 69, and 70. The Court makes the following revisions[3]:

- Proposed Jury Instruction 50 (ECF No. 95 at 54): Plaintiff proposes the following jury instruction:

> The law provides that:
> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in

[3] The Court requested a Word version of the parties' jury instruction submission (ECF No. 95), because the PDF submission does not reflect the parties' competing instructions. Accordingly, the Court will present each of the competing instructions from the Word version in this section.

> connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided.

Defendant's competing instruction incorporates Plaintiff's proposed jury instruction and includes the following language at the end of subsection (b):

> Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

The Court finds that Defendant's proposed jury instruction is more appropriate in this case, because it is a more complete recitation of 15 U.S.C. § 1114(1). Given the parties' inclusion of subsection (b) and the Court's determination that "knowledge" is a required element of a trademark infringement claim, it logically follows for Proposed Jury Instruction No. 50 to include language from the statute that further describes subsection (b) and includes the "knowledge" element. Therefore, the Court finds Proposed Jury Instruction No. 50 should read:

> The law provides that:

> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided.
>
> Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

- <u>Proposed Jury Instruction 52</u> (ECF No. 95 at 56): Plaintiff proposes the following jury instruction:

> With certain exceptions, a registered trademark is infringed when person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, GS Holistic is required to prove a likelihood of confusion, mistake, or deception.
>
> In order to establish trademark infringement by counterfeiting, Plaintiff has the burden of proving each

> of the following as to each individual Defendant by a preponderance of the evidence:
>
> First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;
>
> Second: Plaintiff is the registrant of that trademark; and
>
> Third: Each individual defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

Defendant's competing instruction incorporates Plaintiff's proposed jury instruction and includes the following language after the "Third" item:

> Fourth: The defendant intentionally used the mark knowing it was a counterfeit.

The Court finds that Defendant's proposed jury instruction is more appropriate in this case based on the Court's determination that "knowledge" is a required element of a trademark infringement claim. Therefore, the Court finds Proposed Jury Instruction No. 52 should read:

> With certain exceptions, a registered trademark is infringed when person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, GS Holistic is required to prove a likelihood of confusion, mistake, or deception.
>
> In order to establish trademark infringement by counterfeiting, Plaintiff has the burden of proving each of the following as to each individual Defendant by a preponderance of the evidence:

> First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;
>
> Second: Plaintiff is the registrant of that trademark; and
>
> Third: Each individual defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods..
>
> Fourth: The defendant intentionally used the mark knowing it was a counterfeit.

- <u>Proposed Jury Instruction 68</u> (ECF No. 95 at 74): Plaintiff proposes the following jury instruction:

> GS Holistic claims that the Defendants Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul have committed infringement by counterfeiting by using GS Holistics' trademark in the sale, offer to sell, distribution, or advertising to sell goods without GS Holistics' authorization. To prove a claim for counterfeiting, GS Holistic must prove the following facts by a preponderance of the evidence:
>
> The trademark used by the Defendant is a copy that is identical or substantially indistinguishable from GS Holistic's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 1. The Defendant's trademark was affixed without GS Holistic's permission; and
>
> The Defendant used the "Stündenglass" and/or stylized "S" marks in the sale, offering for sale, distribution, or advertising of goods that are covered by GS Holistic's trademark registration.
>
> If you find that GS Holistic proved that Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed,

> Things That Bubble LLC, and/or Lance Paul used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, you must consider whether, and to what extent, statutory money damages should be awarded.

Defendant's proposes the following competing instruction:

> GS Holistic claims that the Defendants Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul have committed infringement by counterfeiting by using GS Holistics' trademark in the sale, offer to sell, distribution, or advertising to sell goods without GS Holistics' authorization.
>
> To establish civil trademark counterfeiting liability, GS Holistic must prove each of the following as to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul by a preponderance of the evidence:
>
> 1. First, that the defendant infringed a registered trademark
>
> 2. Second, that the defendant intentionally used the mark knowing it was a counterfeit
>
> If you find that GS Holistic proved that Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and/or Lance Paul used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, you must consider whether, and to what extent, statutory money damages should be awarded.

The Court finds that Defendants' proposed jury instruction is more appropriate in this case. As explained above, the Court adopts the elements of trademark counterfeit infringement established in *Oakley*: "To prevail on a counterfeiting claim under the Lanham Act, a plaintiff must show that: (1) the defendant

infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." *Oakley, Inc.*, 2021 WL 3206320, at *2. Defendants' proposed jury instruction recites the *Oakley* elements. Therefore, Court finds Proposed Jury Instruction No. 68 should read:

> GS Holistic claims that the Defendants Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul have committed infringement by counterfeiting by using GS Holistics' trademark in the sale, offer to sell, distribution, or advertising to sell goods without GS Holistics' authorization.
>
> To establish civil trademark counterfeiting liability, GS Holistic must prove each of the following as to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul by a preponderance of the evidence:
>
> 3. First, that the defendant infringed a registered trademark
>
> 4. Second, that the defendant intentionally used the mark knowing it was a counterfeit
>
> If you find that GS Holistic proved that Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and/or Lance Paul used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, you must consider whether, and to what extent, statutory money damages should be awarded.

- <u>Proposed Jury Instruction 69</u> (ECF No. 95 at 76): Plaintiff proposes the following jury instruction:

> Plaintiff has elected to seek only statutory damages in this lawsuit. Statutory damages are permitted in cases

> involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.
>
> To elect statutory damages, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> 1. The trademark used by the Corporate Defendant and the Individual Defendant is a copy that is identical or substantially indistinguishable from Plaintiff's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. The Corporate Defendant and the Individual Defendant's trademark was used without Plaintiff's permission; and
>
> 3. The Corporate Defendant and the Individual Defendant used the "Stündenglass" and/or stylized "S" marks in the sale, offering for sale, distribution, or advertising of goods that are covered by GS Holistic's trademark registration.
>
> If you find that GS Holistic proved that the Corporate Defendant and/or the Individual Defendant used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, statutory money damages should be awarded.

Defendant's competing instruction alters item (3), stating:

> Plaintiff has elected to seek only statutory damages in this lawsuit. Statutory damages are permitted in cases involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.
>
> To elect statutory damages, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> 1. The trademark used by the Corporate Defendant and the Individual Defendant is a copy that is identical or substantially indistinguishable from

> Plaintiff's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. The Corporate Defendant and the Individual Defendant's trademark was used without Plaintiff's permission; and
>
> 3. Those acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.
>
> If you find that GS Holistic proved that the Corporate Defendant and/or the Individual Defendant used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, statutory money damages should be awarded.

The Court finds that Defendant's proposed instruction appropriately follows the standard established in *Oakley* and includes the "knowledge" element of trademark counterfeit infringement claims. As discussed above, *Oakley* states that a plaintiff must show that: (1) the defendant infringed a registered trademark; and (2) the defendant intentionally used the mark knowing it was a counterfeit. *Oakley, Inc.*, 2021 WL 3206320, at *2. Therefore, the Court finds Proposed Jury Instruction No. 69 should read:

> Plaintiff has elected to seek only statutory damages in this lawsuit. Statutory damages are permitted in cases involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.
>
> To elect statutory damages, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> 1. The trademark used by the Corporate Defendant and the Individual Defendant is a copy that is identical or substantially indistinguishable from

> Plaintiff's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. The Corporate Defendant and the Individual Defendant's trademark was used without Plaintiff's permission; and
>
> 3. Those acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.
>
> If you find that GS Holistic proved that the Corporate Defendant and/or the Individual Defendant used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, statutory money damages should be awarded.

- <u>Proposed Jury Instruction 70</u> (ECF No. 95 at 78): Plaintiff proposes the jury instruction:

> GS Holistic seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the trademark owner, penalize the counterfeiter, and deter future trademark counterfeiting. You may award statutory damages between $1,000 and $200,000 for each trademark that GS Holistic proves the Corporate Defendant, and the Individual Defendant used for each type of goods sold, offered for sale, or distributed.
>
> As to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul, if you find that GS Holistic proved that the Defendant knew or should have known that the trademark they used was a counterfeit product, you may award additional statutory damages. It is not necessary that the Defendant knew that the mark was registered by GS Holistic, only that the Defendant knew that the trademark was the same or substantially indistinguishable from GS Holistic's trademark.

> If GS Holistic proves that the Defendant's use of the counterfeit trademark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000 per type of goods sold, offered for sale, or distributed.

Defendant proposes the following competing instruction:

> GS Holistic seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the trademark owner, penalize the counterfeiter, and deter future trademark counterfeiting. You may award statutory damages between $1,000 and $200,000 for each trademark that GS Holistic proves the Corporate Defendant, and the Individual Defendant used for each type of goods sold, offered for sale, or distributed.
>
> In order to determine the amount you award, please weigh factors such as willfulness of infringements, efforts to mislead and conceal the infringements, defiance of attempts at deterrence, size of counterfeiting operation, profits and losses (whatever is ascertainable), and the amount that would prevent future infractions.
>
> As to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul, if you find that GS Holistic proved that the Defendant intentionally sold a counterfeit product, you may award additional statutory damages.
>
> If GS Holistic proves that the Defendant's use of the counterfeit trademark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000 per type of goods sold, offered for sale, or distributed..

The Court finds that neither party's competing instructing properly reflects the language of 15 U.S.C. § 1117(c), which governs recovery for violation of trademark rights. The statute does not include the Plaintiff's proposed language

describing the "purpose of statutory damages" or Defendants' proposed language listing "factors" in determining statutory damages. The Court acknowledges that an instruction on "willfulness" may be helpful to the Jury. However, the Court finds that a closer recitation of 15 U.S.C. § 1117(c) is most appropriate here, given the Court's analysis in Section 4 of this Order and ultimate decision to include the Proposed Jury Instruction on "willful infringement." The Court also finds that the language from *Oakley*—"the defendant intentionally used the mark knowing it was a counterfeit"—is most appropriate when determining statutory damages with respect to each Defendant's infringement. Thus, the Court finds Proposed Jury Instruction No. 70 should read:

> GS Holistic seeks what is known as an award of 'statutory damage.' Statutory damages are damages established by Congress in the Lanham Act. You may award statutory damages between $1,000 and $200,000 for each trademark that GS Holistic proves the Corporate Defendant, and the Individual Defendant used for each type of goods sold, offered for sale, or distributed.
>
> As to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul, if you find that GS Holistic proved that the Defendant intentionally used the mark knowing it was a counterfeit, you may award additional statutory damages.
>
> If GS Holistic proves that the Defendant's use of the counterfeit trademark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000 per type of goods sold, offered for sale, or distributed.

**2. Whether willfulness under 15 U.S.C. § 1117(c)(2) can be established by proving reckless disregard**

Section 35 of the Lanham Act states that "[i]n a case involving the use of a counterfeit mark . . . the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services. . . . [I]f the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). Plaintiff argues "[t]o establish willfulness in seeking punitive statutory damages, it is not necessary for Plaintiff to prove that the Defendants had knowledge that its actions constitute an infringement because willfulness can also be established by proving that the infringer acted in reckless disregard of the trademark owner's rights." ECF No. 107 at 4. Defendant states that "evidence such as continued infringement after receiving notice of trademark rights constitutes strong evidence of willful conduct." ECF No. 108 at 8.

In his Recommendation, which was adopted by the Court (ECF No. 54), Magistrate Judge Neureiter noted that "[w]illful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights. Thus, knowledge need not be proved directly, but can be inferred from a defendant's conduct." ECF No. 48 at 14 (citing *Microsoft Corp. v. Logical Choice Computers, Inc.*, No. 99 C 1300, 2001 WL 58950, at *11 (N.D. Ill. Jan. 22, 2001) (citations omitted)). "Acting willfully means acting with

knowledge that one's actions constitute . . . infringement." *Zoo Med Lab'ys, Inc. v. Zoo Med Lab'ys Inc.*, No. 1:20-CV-03828-SKC, 2023 WL 2824326, at *4 (D. Colo. Jan. 17, 2023), *report and recommendation adopted*, No. 20-CV-03828-NYW-SKC, 2023 WL 2824355 (D. Colo. Feb. 28, 2023). These cases demonstrate that (1) knowledge that defendant's conduct constituted infringement demonstrates willful infringement and (2) knowledge need not be proved directly. However, as indicated in *Microsoft Corp.*, willful infringement *may* be attributed to the defendant's actions where he showed a reckless disregard for the owner's right. Therefore, the Court revises Proposed Jury Instruction 67 (ECF No. 95 at 73) to state:

> Willful infringement occurs if the Corporate Defendant and the Individual Defendant had knowledge that his conduct constituted infringement. Willful infringement may be attributed to the defendant's actions where he showed a reckless disregard for the owner's right. Knowledge need not be proved directly, but can be inferred from a defendant's conduct.

**3. Whether the jury should be instructed that for statutory damages to serve their deterrent purpose they should deter future trademark counterfeiting**

Plaintiff proposes Jury Instruction 71 to instruct the jury that statutory damages have a deterrent purpose and should deter future trademark counterfeiting. Plaintiff points to Magistrate Judge Neureiter's recitation of "factors that guide the award of statutory damages under an analogous provision of the Copyright Act," which includes "the deterrent effect on others besides the defendant." ECF No. 48 at 12. Without more explanation, the Court is not persuaded that proposed jury instruction 71 is necessary in this case. The Court will hear further argument on this issue at the charging conference during trial.

**4. Whether the question of willfulness under 15 U.S.C. § 1117(c) should be presented to the jury**

Plaintiff argues that the question of whether Defendants acted willfully under 15 U.S.C. § 1117(c)(2) must be presented to the jury. ECF No. 107 at 6. Plaintiff contends "'the court' must be interpreted to conform with the requirements of the Seventh Amendment to mean 'the jury.'" *Id.* at 7. Defendants argue "that it is the court, not the jury, that makes the willfulness determination." ECF No. 108 at 8.

As Plaintiff notes, it does not appear this issue has been addressed by the Tenth Circuit. However, the Ninth Circuit has held that "where the plaintiff seeks more than the statutory minimum—and particularly where, as here, the plaintiff seeks significantly more—the quantum of statutory damages should be determined by the jury." *Daimler AG v. A-Z Wheels LLC*, 498 F. Supp. 3d 1282, 1290 (S.D. Cal. 2020). Additionally, "the Supreme Court has held that the Seventh Amendment right to a jury trial covers the right to have a jury determine the amount of statutory damages. The statutory text takes a backseat to the constitutional guarantee. Presumably, the same right equally applies to a claim for statutory damages under trademark law, too." *Nat'l Examining Bd. of Ocularists v. Adkins*, No. 22-CV-6550, 2024 WL 2109348, at *4 (N.D. Ill. Apr. 29, 2024) (citations omitted). Accordingly, Plaintiff's right to a jury trial supersedes the statutory text of 15 U.S.C. § 1117(c), even though the plain text gives the question to "the court." Therefore, the question of willfulness under 15 U.S.C. § 1117(c)(2) will be presented to the jury and included in the jury instructions.

**5. Whether Plaintiff has a right to use deposition designations of "will-call" witnesses at trial**

Finally, Plaintiff argues that "[a]n adverse party may use for any purpose the deposition of a party."[4] ECF No. 107 at 7. Plaintiff states that "[u]nder Rule 32 a party may introduce 'as a part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at the trial or has testified there.'" *Id.* (citing *King & King Enters. v. Champlin Petroleum Co.*, 657 F.2d 1147, 1164 (10th Cir. 1981). However, Plaintiff fails to acknowledge the Tenth Circuit also explained that "the Rule is not open and shut in practice. The trial court has a perfect right to limit the use of the material if it is repetitious or immaterial, or where the depositions do not add any information to that given in oral testimony by the deponents or the information is irrelevant." *King & King Enters.*, 657 F.2d at 1164. Here, Plaintiff has not explained why or how the depositions designations would not be repetitious or immaterial. Plaintiff has the opportunity to call and question each of the designated witnesses and then use their depositions to impeach any possible inconsistent testimony. *See Coletti v. Cudd Pressure Control*, 165 F.3d 767, 774 (10th Cir. 1999) ("Because Ms. Coletti could have called and questioned each of the witnesses she designated, and then used their depositions to impeach any possible inconsistent testimony, we cannot say the trial court's refusal to allow Ms. Coletti to read the depositions into evidence affected any of her substantive rights."). Therefore, the Court exercises its discretion to control the presentation of evidence and to deny Plaintiff's request to use deposition designations of "will-call"

---

[4] The Court interprets Plaintiff's argument to relate to Fed. R. Civ. P. 32(a)(3), although Plaintiff cites "F.R.E. 32(a)(3)."

witnesses. If there are specific portions of testimony which will not be redundant of testimony to be presented "live" by the witnesses, the Court will consider those at the appropriate time.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1. Proposed Jury Instruction Nos. 50, 52, and 67-70 are revised as stated above;
2. Proposed Jury Instruction No. 71 is removed;
3. The question of willfulness as it pertains to statutory damages under 15 U.S.C. § 1117(c)(2) will be presented to the jury, and
4. Plaintiff's request for deposition designations of "will-call" witnesses is DENIED.

DATED: January 16, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge