**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

GS HOLISTIC, LLC

Plaintiff,

CASE NO. 1:23-cv-01513-RMR-NRN

vs.

VAPORTOKE INC at al.,

Defendants.
_____________________________________/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE TRIAL**

Defendants Vaportoke Inc., Monjed Abed, Things That Bubble LLC, Lance Paul, Daddy Dankz, Inc., and Daniel S Trujillo (together, "Defendants") oppose Plaintiff GS Holistic, LLC's ("Plaintiff") Motion for Short Continuance of Trial Date (Dkt. No. 111).

Over a month ago, an Amended Motion to Withdraw (Dkt. No. 92) was filed by Attorneys Peter Ticktin and David L. Perry II of The Ticktin Law Group. A prior motion was denied by this Court, which noted in that Order that, "[w]hile the Court recognizes GS Holistic intends for ongoing representation to be by Ken Falkenstein and Eddy Leal, GS Holistic must be aware that it is personally responsible for compliance with all court deadlines."

After the Court raised serious concerns regarding Plaintiff's conduct and continued timely prosecution of this Action, Plaintiff's Amended Motion to Withdraw stated that it "continues to be represented by Mr. Leal and Mr. Falkenstein, both of whom are fully familiar with the cases and will continue to advocate on behalf of the Plaintiff. The undersigned counsel's withdrawal will not leave GS without legal representation, <u>nor will it cause any undue delay or</u>

prejudice in the proceedings" and that "GS will continue to have legal representation and that withdrawal will not prejudice the GS' interests [sic] in the pending litigation." (emphasis added)

Additionally, Plaintiff stated that "the undersigned counsel has transferred its files of all relevant information and case materials to the remaining counsel to facilitate continued effective representation. The remaining counsel are capable of meeting all scheduled deadlines and appearing at all scheduled proceedings without delay." (emphasis added)

As we are now learning – three business days before the start of trial – one of Plaintiff's "essential" witnesses will no longer be available for trial because he resigned from the Ticktin Law Group. Plaintiff was aware that this witness was an employee of the law firm that first attempted to withdraw as counsel via motion on December 3, 2025, over six weeks ago. And yet Plaintiff did nothing in the interim to secure this witness's testimony or ensure that this witness would attend trial while knowing that this witness was an employee of a law firm that was actively seeking to withdraw as counsel for Plaintiff due to "irreconcilable differences" and "fundamental disagreements [that] have deteriorated the attorney-client relationship to the point where effective and cooperative representation by the undersigned counsel is no longer possible." (Motion to Withdraw, Dkt. No. 77)

It is inconceivable that, if such a witness was necessary and certainly if such a witness was "essential" as claimed, Plaintiff would have taken no interim preventative steps to secure that witness's testimony or attendance at trial while that witness remained in the employee of former counsel that ceased representation of Plaintiff due to such "irreconcilable differences" and "fundamental disagreements."

Even now, despite knowing about this witness issue as early as yesterday at 3:45 p.m. and receiving an immediate response from Defendants when contacted, Plaintiff waited until 12:10 p.m. the following day to file a motion to request continuance of a trial starting in three business days, citing no case law and including no declarations or any other supporting documentation. Plaintiff's motion should be denied.

## LEGAL STANDARD

The United States Court of Appeals for the Tenth Circuit has enunciated four primary factors that should be considered to determine if a continuance of trial is necessary. *See Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*,175 F.3d 1221, 1230 (10th Cir. 1999) (citing *United States v. West*, 828 F.2d 1468, 1469 (10th Cir. 1987) (listing factors)).

The four factors are: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [and] (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance. *Id*.

### I. Plaintiff Was Not Diligent

As noted above, Plaintiff has known for over six weeks that one of its supposed "essential" witnesses was an employee of a law firm that was withdrawing as counsel because the attorney-client relationship deteriorated to such a degree that the representation could no longer continue. It is entirely foreseeable that an employee of the Ticktin Law Group might no longer be willing to cooperate in a trial scheduled two months in the future for a company that is no longer represented by the Ticktin Law Group. It was wholly incumbent upon Plaintiff to take necessary steps to ensure this witness's presence at trial in compliance with the Pre-Trial Order

issued in this Action and Plaintiff was fully aware of this issue and attendant risk at least as early as December 3, 2025, when the first Motion to Withdraw was filed.

And even now, despite knowing about this witness issue as early as yesterday at 3:45 p.m. and receiving an immediate response from Defendants when contacted, Plaintiff waited until 12:10 p.m. today to file a motion to request continuance of a trial starting in three business days. Plaintiff has not been diligent in requesting the continuance, and this factor weighs in favor of denial.

**II. No Likelihood That Continuance Would Accomplish Purpose Underlying Need**

Plaintiff's Motion provides no timeline or any indication as to when a potential subpoena of this witness would be served and when this witness would be compelled to appear. There is no indication whatsoever that such actions would be successful in compelling this witness's attendance. Despite the title, the requested continuance is effectively unlimited and would, at a minimum, need to be lengthy in order to have any chance of accomplishing the stated underlying goal. This is not a situation where a witness is sick or delayed due to weather, and even that excuse is not proper grounds for a continuance at this late stage. *See, e.g, Lane v. Wallace*, 579 F.2d 1200, 1202 (10th Cir. 1978). This factor weighs in favor of denial.

**III. Defendants and Its Witnesses Would Be Significantly Inconvenienced**

In its Motion, Plaintiff argues that "[t]he only prejudice that Defendants would incur as a result of a short continuance would be inconvenience." Plaintiff vastly underestimates the difficulty of continuing a trial mere days before its scheduled start.

Trial preparation is well under way for Defendants, who have now been forced to spend time addressing the instant Motion. This Court has repeatedly warned Plaintiff about its disorganization, lack of preparedness, and lack of prosecution and we are, yet again, addressing

potential delays and inconvenience due to Plaintiff's conduct. Attorney Andrew Gerber, who is handling this matter on a pro bono basis, has already purchased his plane ticket from New York City to Colorado and secured local lodging to attend trial and adjusted his scheduling in his numerous other pending cases in order to attend this four-day trial next week. Attorney Sarah Stemer, who alluded to this previously, scheduled follow-up medical procedures around this trial calendar and coordinated an overseas family visit to February in order to accommodate this four-day trial.

Defendants themselves have had this trial on their calendar for nearly a year and after two and a half years of litigation and have been waiting to put this matter behind them. They all operate local small businesses and allotted time from their businesses to attend the trial next week. Defendant Abed scheduled a lengthy trip out of the country to visit his family around this trial.

This Court also previously noted that it scheduled hearings in all of its criminal cases next week in the late afternoon in order to accommodate this trial, and this Court would also presumably be significantly inconvenienced by the requested open-ended continuance. This factor strongly weighs in favor of denial. *See AECOM Tech. Servs., Inc. v. Flatiron | AECOM*, LLC, No. 19-CV-2811-WJM-KLM, 2023 WL 5309904, at *2 (D. Colo. Aug. 14, 2023) (denying motion for continuance).

## IV. Any Need for Continuance Belied By Plaintiff's Delays and Failure to Act

Were this witness's attendance at trial as essential as suggested by Plaintiff, Plaintiff would have taken immediate steps to secure this witness's testimony and/or attendance at trial back in early December 2025 when the Ticktin Law Group first moved to withdraw as counsel. Plaintiff knew then that this witness was an employee of the Ticktin Law Group and that, as the Ticktin Law Group was withdrawing as counsel due to "irreconcilable differences" and

"fundamental disagreements" between the firm and Plaintiff, there would be a considerable risk that this witness might be unwilling to continue working with Plaintiff or that this witness would even still be employed by Plaintiff's former counsel at the time of trial. Plaintiff's utter failure to take any preventative actions with respect to this witness in the six-week interim until now, three business days before trial, strongly refutes any position that this witness is essential or necessary. This factor also weighs in favor of denial of the motion.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Court deny Plaintiff's Motion to Continue Trial, along with any additional relief that this Court deem just and proper.

Dated: January 20, 2026
Arvada, Colorado

Respectfully submitted,

By: */s/ Sarah Stemer*

Sarah Stemer Esq.
Sarah@StemerLaw.com
Stemer, PA
3700 Tennyson Street, Unit 1
Denver, Colorado 80212
Telephone: (303) 928-1094

By: */s/ Andrew Gerber*

Andrew Gerber Esq.
Andrew@GerberLaw.com
Gerber Law PLLC
27 Union Square West
New York, NY 10003
Telephone: (212) 658-1810

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, this document was served by the Court's ECF filing system on all counsel of record.

By: */s/ Sarah Stemer*

Sarah Stemer, Esq.