**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC., et. al,

Defendants.

---

**PLAINTIFF'S REPLY TO DEFENDANTS' [112] OPPOSITION TO PLAINTIFF'S MOTION FOR SHORT CONTINUANCE OF TRIAL DATE**

---

Plaintiff GS Holistic, LLC, by its undersigned counsel, replies to Defendant's [112] Opposition to Plaintiff's Motion for Short Continuance of Trial Date ("Opposition") as follows:

Defendants' Opposition ignores several pertinent facts set forth in Plaintiff's original Motion. First, Plaintiff did not "wait" until the day after receiving the news of Mr. Neuman's unavailability before filing the Motion. As clearly explained in the Motion, Plaintiff's counsel was trying to avoid the necessity of filing the Motion at all by trying to contact Mr. Neuman directly and persuade him to appear at trial, if not in person then by WebEx. Plaintiff's counsel made these efforts unsuccessfully yesterday afternoon and evening and wanted to try again this morning before taking the last-resort action of filing the motion for a continuance of the trial date.

Defendants also argue that it is "inconceivable" that Plaintiff did not subpoena John Neuman when the Ticktin firm first sought to withdraw from this case. As again explained in the

Motion, the Ticktin firm had given assurances that they would send its two employee witnesses to appear at the trial. Attorneys have the right to rely on assurances made by other attorneys, all of whom are bound by ethical obligations of honesty and good faith dealings with each other. *The Ticktin firm had already proved its good faith by arranging to send both of these witness employees to trial, and Ticktin employee witness Bryan Malamut is still being sent to this trial by the Ticktin firm, which demonstrates the Ticktin firm's ongoing good faith.* It was not reasonably foreseeable to either Plaintiff or the Ticktin firm that after over three years of employment with the Ticktin firm Mr. Neuman would suddenly give his notice yesterday, resulting in his no longer being under the Ticktin firm's control as of the trial date, and refuse to appear at trial. *It should also be noted that even if the Ticktin firm had not withdrawn, Plaintiff would be in the exact same situation because even if the Ticktin firm were still counsel of record, they would no longer have control over Mr. Neuman as of the start of the trial.*

The four factors of *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*,175 F.3d 1221, 1230 (10th Cir. 1999), cited by Defendants, also weigh heavily in favor of granting the continuance:

1. <u>The diligence of the party requesting the continuance:</u> Plaintiff's counsel acted *immediately* upon learning that Mr. Neuman had given his notice and was refusing to appear at trial. One of the undersigned Plaintiff's counsel *immediately* contacted defense counsel, both by email and telephone, to confer as to whether there was a way to address the situation other than through a continuance that would not prejudice either party. *At the same time*, the other Plaintiff's counsel began trying to contact Mr. Neuman directly to try to convince him to appear at trial, either in person or by WebEx. Plaintiff's counsel continued those efforts repeatedly through this morning before finally filing this Motion. Plaintiff could not have been more diligent

in addressing the issue that necessitated the filing of this Motion or in seeking to avoid the need to file it.

2. The likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance: Granting a short continuance would be *guaranteed* to accomplish the purpose expressed by Plaintiff for the continuance. Specifically, the purpose for filing this motion is to have sufficient time to issue a subpoena compelling John Neuman's appearance at trial. Granting this Motion would provide such time. Defendants argue that Plaintiff provides no timeline for issuing the subpoena, but the obvious reason is that if the continuance is granted, a new trial date will have to be set before the subpoena can be issued and served. Plaintiff's counsel will act immediately to set a new trial date and have a subpoena issued and served on Mr. Neuman if the continuance is granted.

3. The inconvenience to the opposing party, its witnesses, and the court resulting from the continuance: As discussed in the original Motion, Plaintiff acknowledges that the granting of this Motion will inconvenience both the Court and Defendants. The Court has been clear that it wishes this trial to proceed as scheduled so as to avoid any further delay of the remaining GS Holistic cases. Plaintiff respects and agrees with that sentiment and filed this Motion only as a last resort and only out of absolute necessity, as discussed in Factor 4 below. Plaintiff also acknowledges that it would inconvenience Defendants (who are the only trial witnesses listed by Defendants). Again, Plaintiff respects and regrets this inconvenience, and, in fact, shares the same inconvenience to its own witnesses and out-of-state counsel, as well as its out-of-state expert witness. But again, these inconveniences are a far lesser burden than the harm that would result to Plaintiff by not granting the continuance discussed below.

4. The need asserted for the continuance and the harm that movant might suffer as result of the district court's denial of the continuance: As discussed in the original Motion, the harm that would result from not granting the continuance would be *dispositive* of Plaintiff's case against Defendant Things That Bubble. Plaintiff cannot establish a *prima facie* case against Things That Bubble without the testimony of John Neuman, the investigator who discovered and purchased the counterfeit items at the Things That Bubble store. So, failing to grant the continuance would cause *the most extreme* harm to Plaintiff of literally disposing of its entire case against two of the Defendants (Things That Bubble and its owner).

Simply put, Plaintiff acted as diligently as possible to immediately address this situation and to seek ways to avoid having to request a continuance before filing this Motion but ultimately had no choice because John Neuman is an *essential* witness who was previously guaranteed to appear but now has unexpectedly become unavailable through no fault of Plaintiff. Granting a short continuance would provide Plaintiff the time needed to subpoena him to trial. The granting of a short continuance would cause the Court and the parties to incur some inconvenience, but the failure to grant the continuance would literally dispose of Plaintiff's case against Defendant Things That Bubble. Accordingly, Plaintiff reluctantly but respectfully requests that the Court grant a short continuance of the trial date to provide time to subpoena this essential witness to trial.

Respectfully submitted on January 20, 2026.

By: s/ Ken Falkenstein
Ken Falkenstein, Atty. Reg. No. 52307
Irwin Fraley, PLLC
8377 S. Revere Parkway, Suite 400
Centennial, CO 80111
Telephone: 303-999-9000
FAX: 303-999-9001
Email: kfalkenstein@coloradolawyers.com

Eddy Leal, Esq., Florida Bar No. 96030
EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

s/ Ken Falkenstein
Ken Falkenstein