**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC d/b/a
COLORADO VAPE & TOKE,
and MONJED ABED,

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff GS Holistic's Motion to Continue Trial Date ("Motion"). ECF No. 111. Defendants filed their Response, ECF No. 112, and Plaintiff filed its Reply, ECF No. 113. For the reasons stated below, Plaintiff's Motion is denied.

Between June 15 and August 11, 2023, Plaintiff filed over fifty cases against various small businesses alleging trademark counterfeiting and infringement under 15 U.S.C. § 1114 and false designation of origin and unfair competition under 15 U.S.C. §1125(a). Since then, Plaintiff has repeatedly failed to meet deadlines and comply with Court rules, let alone diligently prosecute its claims. Now, just days before trial, Plaintiff requests a continuance because it recently learned one of its witnesses is unavailable for trial. While Plaintiff's counsel offers excuses and apologies for the request, none suffice

to meet the standard of "good cause." Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff's request also fails to meet the requirements of Local Rule 6.1(b), which provides that a "motion for extension of time or continuance shall state the reason for an extension or continuance, the length of the requested extension or continuance, and the total number of extensions or continuances granted previously." D.C.COLO.LCivR 6.1(b). Plaintiff has simply asked for a "short continuance" without detailing the length of the requested continuance. The Tenth Circuit has previously determined a district court did not abuse its discretion when it denied a motion that did not specify the length of extension required. *Pittman v. Fox*, 766 F. App'x 705, 721 (10th Cir. 2019) ("He therefore failed to comply with the district court's local rule requiring a motion for an extension of time to state, among other things, 'the length of the requested extension."). Here, Plaintiff has failed to demonstrate "good cause" or meet the requirements of Local Rule 6.1(b) to justify a continuance.

On December 17, 2025, this Court held a Status Conference in conjunction with a prior Order to Show Cause why the case should not be dismissed for failure to prosecute. GS Holistic's representative, Mr. Folkerts, was present at the hearing. This Court declined to dismiss Plaintiff's case but expressly cautioned both counsel and the client that further delays, missed deadlines or failure to follow Court rules would not be tolerated and may very well result in dismissal of the case. The Court explained to Mr. Folkerts that "ultimately the failure to properly prosecute and to properly comply with the rules and deadlines of the Court unfortunately ultimately falls to the client. In this case, it has been

woefully lacking at this stage with regard to this Court's orders and getting this matter ready for trial." 12/17/25 Rough Tr. 26:17-28:2.

Additionally, the failures demonstrated in the current case are not isolated instances. Magistrate Judge Neureiter has previously described the history of GS Holistic's litigation tactics in other districts across the country. "A PACER search shows that Plaintiff is engaging in this litigation strategy nationwide, apparently having recently filed more than 700 similar lawsuits in federal courts around the country." ECF No. 11 at 3. "GS Holistic has apparently filed more than 140 near identical cases in the Central District alone since July 1, 2022. GS Holistic's inability to live up to its obligation as a plaintiff in those Central District of California federal lawsuits has resulted in a number of those cases being dismissed as a sanction, with more sanctions potentially on the way. *See GS Holistic, LLC v. TM Smoke Shop, Inc.*, Case No. SA CV 23-380 PA (JEMx), 2023 WL 3741621 (C.D. Cal. May 30, 2023). The court there described the many problems seen with GS Holistic' s slapdash, sue-first, scattershot approach to dealing with alleged trademark infringers." *Id.*

The Tenth Circuit has identified several factors "[t]o determine whether a denial of a continuance is arbitrary or unreasonable," including "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance." *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). Here, an analysis of these factors demonstrate that a continuance is not

warranted. Despite repeated opportunities, repeated warnings and even the imposition of sanctions short of dismissal, Plaintiff still appears unable to live up to its obligations. Given the history of failures and delays by Plaintiff in this case and the lack of any indication that a continuance would address Plaintiff's witness issue, the Court can only conclude that a continuance would not only prejudice the Defendants but also result in manifest injustice. This case is the first to be tried in the remaining 20+ cases currently pending in this district. Further delays would impact Defendants in this case and the defendants in the multiple other cases, as well as this Court's ability to manage these cases in compliance with Fed. R. Civ. P. 1.

Accordingly, Plaintiff's motion is DENIED.

DATED: January 21, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge