**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01513-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

VAPORTOKE INC d/b/a
COLORADO VAPE & TOKE, et al.,

Defendants.

---

**ORDER**

---

This matter is before the Court on Plaintiff GS Holistic's request for the Court to reconsider its decision regarding whether "knowledge" is an element of trademark counterfeit in its Order, ECF No. 110. The parties gave oral argument on the issue on January 26, 2026 prior to jury selection. For the reasons stated below, the Court reconsiders its prior ruling regarding Jury Instruction Nos. 50, 52, 68, 69 and 70.

Plaintiff argues that "there is no basis for knowledge [in] counterfeit trademark infringement." Jury Trial Day 1 Rough Tr. 5:6-9. On the Friday prior to the first day of trial, Plaintiff provided the Court with pattern jury instructions for "trademark infringement" from the Federal Jury Practice & Instructions and several circuit courts to support its argument. Only the Eleventh Circuit's civil pattern jury instructions include an instruction on "trademark counterfeit." The Tenth Circuit does not provide civil pattern instructions for

"trademark infringement" or "trademark counterfeit." Defendants argue that trademark counterfeit is "a subcategory of trademark infringement" that requires knowledge and that the Eleventh Circuit pattern instruction was contradicted by Eleventh Circuit caselaw established in *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161 (11th Cir. 1994). The Court agreed with Defendants' argument that "counterfeiting is a subset of the bigger umbrella of trademark infringement claims." Jury Trial Day 1 Tr. at 27:2-4. However, the Court reserved ruling on the inclusion of "knowledge" in the jury instructions for trademark counterfeit liability. *Id.* at 30:18-22.

The Court has considered the pattern instructions and caselaw provided by both parties. Upon closer review, the Court finds that neither party's argument is quite accurate. Under 15 U.S.C. § 1114(1):

> Any person who shall, without the consent of the registrant,
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with

> knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

The statute does not include "knowledge" as an element to establish liability. Instead, knowledge is only required to "recover profits or damages" under subsection (b). The Federal Jury Practice & Instruction for "Infringement of registered trademark" similarly does not include "knowledge" as an element:

> With certain exceptions, a registered trademark is infringed when [a] person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, Plaintiff is required to prove a likelihood of confusion, mistake, or deception.
>
> In order to establish trademark infringement, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:
>
> First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;
>
> Second: Plaintiff is the registrant of that trademark; and
>
> Third: Defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

3A Fed. Jury Prac. & Instr. § 159:20. Plaintiff argues that "knowledge" is not an element in the pattern instructions and, thus, irrelevant to the analysis of trademark infringement. Defendants argue that "knowledge" should be a requirement for counterfeiting because it is a subset of trademark infringement. In their briefing, Defendants relied on the elements of a counterfeiting claim established in *Oakley, Inc. v. Ly*, No. 20-CV-1414-WJM-MEH, 2021 WL 3206320, at *2 (D. Colo. July 29, 2021) ("To prevail on a counterfeiting claim

under the Lanham Act, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116.").

The Court finds that "intent" of the defendant is a factor for the jury to consider when determining whether there is a likelihood of confusion, a clear element of trademark infringement. *See* 3A Fed. Jury Prac. & Instr. § 159:25 (listing "[t]he intent of each individual Defendant in adopting the mark, that is, whether there was an intent to confuse" as a factor the jury may consider in determining likelihood of confusion). Therefore, the Court does not agree with Plaintiff's argument that there is no basis for "knowledge" or "intent" in trademark infringement liability. However, the Court also finds that Defendants' argument that counterfeiting requires a finding of "knowledge" or "intent" in order to establish liability conflates damages with trademark counterfeit liability. As a subset of trademark infringement, trademark counterfeit requires proof by a preponderance of the evidence of the same elements for trademark infringement. *See* 15 U.S.C. § 1114. However, if Plaintiff can prove Defendants acted "willfully," additional damages may be awarded under 15 U.S.C. § 1117(c)(2). Thus, "knowledge" and "intent" are elements of a trademark counterfeit claim where additional statutory damages are expressly provided for willful conduct.

After reviewing the various pattern instructions from different circuit courts, the Court finds they incorporate similar elements that do not explicitly include "knowledge" or "intent." *See* Model Civ. Jury Instr. 9th Cir. 15.6 (2025); Model Civ. Jury Instr. 8th Cir. 21.40 (2023); Fed. Civ. Jury Instr. 7th Cir. 13.1.2 (2021); Pattern Civ. Jury Instr. 5th Cir.

14.3 (2024); Pattern Civ. Jury Instr. 11th Cir. 10.6 (2025). The Court has also considered the Sixth Circuit's ruling that to "recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116." *Laukus v. Rio Brands, Inc.*, 391 F. App'x 416, 425 (6th Cir. 2010) (citing 15 U.S.C. § 1117(b)). The Court notes that the Sixth Circuit's approach combines trademark liability under 15 US.C. § 1114 with damages under 15 U.S.C. § 1117(b). Here, the parties intend to address liability and damages separately through different jury instructions. Thus, the Court finds that "knowledge" and "intent" need not be an explicit element in the instructions for trademark infringement liability.

Given the similarity between the various pattern instructions for "trademark infringement," Court will rely on the Federal Jury Practice & Instructions pattern instruction for "trademark infringement":

> With certain exceptions, a registered trademark is infringed when [a] person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, Plaintiff is required to prove a likelihood of confusion, mistake, or deception.
>
> In order to establish trademark infringement by counterfeiting, Plaintiff has the burden of proving each of the following by a preponderance of the evidence:
>
> First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;

> Second: Plaintiff is the registrant of that trademark; and
>
> Third: Defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

3A Fed. Jury Prac. & Instr. § 159:20 (6th ed.). Additionally, the Court will rely on the Eleventh Circuit's instruction for "trademark counterfeit," which states:

> Plaintiff claims that Defendant has committed counterfeiting by unlawfully using the Plaintiff's trademark in the sale, offer to sell, distribution, or advertising of goods without Plaintiff's authorization. To prove a claim for counterfeiting, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> 1. The trademark used by Defendant is a copy that is identical or substantially indistinguishable from Plaintiff's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. Defendants' trademark was affixed without Plaintiff's permission; and
>
> 3. Defendants used Plaintiff's trademark in the sale, offering for sale, distribution, or advertising of goods that are covered by Plaintiff's trademark registration.

Pattern Civ. Jury Instr. 11th Cir. 10.6 (2025). Accordingly, the Court has made the following revisions to the parties' proposed jury instructions:

- <u>Proposed Jury Instruction 50</u> (ECF No. 95 at 54): Plaintiff proposes the following jury instruction:

  > The law provides that:
  > (1) Any person who shall, without the consent of the registrant—
  >
  > (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution,

> or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided.

Defendant's competing instruction incorporates Plaintiff's proposed jury instruction and includes the following language at the end of subsection (b):

> Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

The Court does not change its prior ruling on Jury Instruction No. 50, because it is a precise recitation of 15 U.S.C. § 1114(1). Therefore, Proposed Jury Instruction No. 50 should read:

> The law provides that:
>
> (1) Any person who shall, without the consent of the registrant—
>
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

- <u>Proposed Jury Instruction 52</u> (ECF No. 95 at 56): Plaintiff proposes the following jury instruction:

> With certain exceptions, a registered trademark is infringed when person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, GS Holistic is required to prove a likelihood of confusion, mistake, or deception.
>
> In order to establish trademark infringement by counterfeiting, Plaintiff has the burden of proving each of the following as to each individual Defendant by a preponderance of the evidence:
>
> First: Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;
>
> Second: Plaintiff is the registrant of that trademark; and
>
> Third: Each individual defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

Defendants' competing instruction incorporates Plaintiff's proposed jury instruction and includes the following language after the "Third" item:

> Fourth: The defendant intentionally used the mark knowing it was a counterfeit.

As explained above, the Court finds it appropriate to adopt the Federal Jury Practice & Instructions pattern instruction for "trademark infringement." Therefore, the Proposed Jury Instruction No. 52 should read:

> With certain exceptions, a registered trademark is infringed when person uses it or a phrase similar to it in a manner likely to cause confusion, mistake, or deception among ordinarily prudent buyers or prospective buyers as to the source of the product. The test is not one of actual confusion, mistake, or deception. Rather, GS Holistic is required to prove a likelihood of confusion, mistake, or deception.
>
> In order to establish trademark infringement by counterfeiting, Plaintiff has the burden of proving each of the following as to each individual Defendant by a preponderance of the evidence:
>
> 1. Plaintiff's trademark has been registered as a trademark on the principal register in the United States Patent and Trademark Office;
>
> 2. Plaintiff is the registrant of that trademark; and
>
> 3. Each individual defendant used the trademark without the consent of Plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods.

- Proposed Jury Instruction 68 (ECF No. 95 at 74): Plaintiff proposes the following jury instruction:

GS Holistic claims that the Defendants Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul have committed infringement by counterfeiting by using GS Holistics' trademark in the sale, offer to sell, distribution, or advertising to sell goods without GS Holistics' authorization. To prove a claim for counterfeiting, GS Holistic must prove the following facts by a preponderance of the evidence:

The trademark used by the Defendant is a copy that is identical or substantially indistinguishable from GS Holistic's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;

1. The Defendant's trademark was affixed without GS Holistic's permission; and

The Defendant used the "Stündenglass" and/or stylized "S" marks in the sale, offering for sale, distribution, or advertising of goods that are covered by GS Holistic's trademark registration.

If you find that GS Holistic proved that Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and/or Lance Paul used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, you must consider whether, and to what extent, statutory money damages should be awarded.

Defendants propose the following competing instruction:

GS Holistic claims that the Defendants Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul have committed infringement by counterfeiting by using GS Holistics' trademark in the sale, offer to sell, distribution, or advertising to sell goods without GS Holistics' authorization.

To establish civil trademark counterfeiting liability, GS Holistic must prove each of the following as to Daddy

> Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul by a preponderance of the evidence:
>
> 1. First, that the defendant infringed a registered trademark
>
> 2. Second, that the defendant intentionally used the mark knowing it was a counterfeit
>
> If you find that GS Holistic proved that Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and/or Lance Paul used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, you must consider whether, and to what extent, statutory money damages should be awarded.

As explained above, the Court finds it appropriate to adopt the Eleventh Circuit's pattern instruction for "trademark counterfeit," as it is the only circuit court that has such a definition. Therefore, Proposed Jury Instruction No. 68 should read:

> GS Holistic claims that the Defendants Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., and Monjed Abed have committed infringement by counterfeiting by using GS Holistics' trademark in the sale, offer to sell, distribution, or advertising to sell goods without GS Holistics' authorization. To prove a claim for counterfeiting, GS Holistic must prove the following facts by a preponderance of the evidence.
>
> 1. The trademark used by the Defendant is a copy that is identical or substantially indistinguishable from GS Holistic's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. The Defendant's trademark was affixed without GS Holistic's permission; and

> 3. The Defendant used the "Stündenglass" and/or stylized "S" marks in the sale, offering for sale, distribution, or advertising of goods that are covered by GS Holistic's trademark registration.
>
> If you find that GS Holistic proved that Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., and Monjed Abed used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, you must consider whether, and to what extent, statutory money damages should be awarded..

- Proposed Jury Instruction 69 (ECF No. 95 at 76): Plaintiff proposes the following jury instruction:

> Plaintiff has elected to seek only statutory damages in this lawsuit. Statutory damages are permitted in cases involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.
>
> To elect statutory damages, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> 1. The trademark used by the Corporate Defendant and the Individual Defendant is a copy that is identical or substantially indistinguishable from Plaintiff's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. The Corporate Defendant and the Individual Defendant's trademark was used without Plaintiff's permission; and
>
> 3. The Corporate Defendant and the Individual Defendant used the "Stündenglass" and/or stylized "S" marks in the sale, offering for sale, distribution, or advertising of goods that are covered by GS Holistic's trademark registration.
>
> If you find that GS Holistic proved that the Corporate Defendant and/or the Individual Defendant used a

> counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, statutory money damages should be awarded.

Defendant's competing instruction alters item (3), stating:

> Plaintiff has elected to seek only statutory damages in this lawsuit. Statutory damages are permitted in cases involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.
>
> To elect statutory damages, Plaintiff must prove the following facts by a preponderance of the evidence:
>
> 1. The trademark used by the Corporate Defendant and the Individual Defendant is a copy that is identical or substantially indistinguishable from Plaintiff's trademark that is registered on the Principal Register of the United States Patent and Trademark Office;
>
> 2. The Corporate Defendant and the Individual Defendant's trademark was used without Plaintiff's permission; and
>
> 3. Those acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.
>
> If you find that GS Holistic proved that the Corporate Defendant and/or the Individual Defendant used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, statutory money damages should be awarded.

The parties have included this jury instruction as "Plaintiff's Election of Statutory Damages." Thus, the Court has revised the language to instruct the jury that Plaintiff has elected statutory damages. The next instruction, Proposed Jury Instruction No. 70, has been revised to instruct the jury on the amount of

statutory damages it is statutorily entitled to award. Accordingly, Proposed Jury Instruction No. 69 should read:

> Plaintiff has elected to seek statutory damages rather than actual damages and profits. Statutory damages are permitted in cases involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services.

- Proposed Jury Instruction 70 (ECF No. 95 at 78): Plaintiff proposes the jury instruction:

> GS Holistic seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the trademark owner, penalize the counterfeiter, and deter future trademark counterfeiting. You may award statutory damages between $1,000 and $200,000 for each trademark that GS Holistic proves the Corporate Defendant, and the Individual Defendant used for each type of goods sold, offered for sale, or distributed.
>
> As to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul, if you find that GS Holistic proved that the Defendant knew or should have known that the trademark they used was a counterfeit product, you may award additional statutory damages. It is not necessary that the Defendant knew that the mark was registered by GS Holistic, only that the Defendant knew that the trademark was the same or substantially indistinguishable from GS Holistic's trademark.
>
> If GS Holistic proves that the Defendant's use of the counterfeit trademark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000 per type of goods sold, offered for sale, or distributed.

Defendant proposes the following competing instruction:

> GS Holistic seeks what is known as an award of "statutory damages." Statutory damages are damages established by Congress in the Lanham Act. The purpose of statutory damages is to: compensate the trademark owner, penalize the counterfeiter, and deter future trademark counterfeiting. You may award statutory damages between $1,000 and $200,000 for each trademark that GS Holistic proves the Corporate Defendant, and the Individual Defendant used for each type of goods sold, offered for sale, or distributed.
>
> In order to determine the amount you award, please weigh factors such as willfulness of infringements, efforts to mislead and conceal the infringements, defiance of attempts at deterrence, size of counterfeiting operation, profits and losses (whatever is ascertainable), and the amount that would prevent future infractions.
>
> As to Daddy Dankz Inc., Daniel S. Trujillo, Vaportoke Inc., Monjed Abed, Things That Bubble LLC, and Lance Paul, if you find that GS Holistic proved that the Defendant intentionally sold a counterfeit product, you may award additional statutory damages.
>
> If GS Holistic proves that the Defendant's use of the counterfeit trademark was willful, then you may, but are not required to, increase the statutory damage award to a maximum of $2,000,000 per type of goods sold, offered for sale, or distributed..

The Court does not alter its prior ruling, because neither party's competing instructing properly reflects the language of 15 U.S.C. § 1117(c), which governs statutory damages for violation of trademark rights. As discussed above, this instruction has been revised to instruct the jury on the appropriate statutory damages it is entitled to award in this case. Accordingly, Proposed Jury Instruction No. 70 should read:

> Statutory damages are damages established by Congress in the Lanham Act. In a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff has elected, instead of actual damages and profits, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of:
>
> 1. Not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed; or
>
> 2. If the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

Accordingly, it is ORDERED that Proposed Jury Instruction Nos. 50, 52, 68, 69 and 70 are revised as stated above.

DATED: February 2, 2026

BY THE COURT:

______________________________
REGINA M. RODRIGUEZ
United States District Judge